# John O'Neil v. The People.

15  275
99  346
15  275
142  224

15  275
146  270

*Criminal Statutes: Construction.* Subdivision 2, of section 5947, of the Compiled Laws, provides that if an offense *attempted* to be committed " be punishable by imprisonment for five years or more, the person convicted of such attempt shall be punishable by imprisonment, etc., not more than three years, etc."

In subdivision three, providing for the punishment of the attempt to commit a crime of lesser grade, the following provision is made: " But in no case shall the punishment by imprisonment exceed one-half of the greatest punishment which might have been inflicted, if the offense so attempted had been committed."

The defendant in this case was convicted of an attempt to commit larceny from the person, the punishment of which offense — 2 *Comp. L.* § 5761 — was imprisonment for a period not exceeding five years. He was sentenced to be imprisoned for three years in the State Prison. *Held*, that under the above statute, the proviso in subdivision three applied to all the different grades mentioned in the second and third subdivisions to said section. The sentence was held void, and the prisoner was discharged.

*Heard January 12th. Decided April 3d.*

Error to Kalamazoo Circuit.

This was an information for an attempt to commit larceny from the person.

The plaintiff in error was convicted for an attempt to commit the crime of larceny, and sentenced to be confined at hard labor in the State Prison for three years.

It was assigned for error that the prisoner could not be sentenced for a period exceeding two and one-half years.

The case turns upon a construction of the statute.

*D. B. and H. M. Duffield,* for plaintiff in error.

1. The statute defining the offense of larceny from the person, and prescribing its penalty (five years) is found in 2 *Comp. L.* § 5761.

There is no statute specifically prescribing the punishment of an *attempt* to commit the crime of larceny from the person.

The only statute regulating the punishment for an attempt to commit a crime prohibited by law is found in 2 *Comp. L.* § 5947, the third subdivision of which reads as follows: "But in no case shall the punishment by imprisonment exceed one-half of the greatest punishment, which might have been inflicted if the offense so attempted had been committed."

The sentence actually passed was imprisonment in the State Prison for three years.

We claim that under this statute the greatest punishment that could have been imposed on the plaintiff in error by the court, was two years and six months in the State Prison.

2. It being established then that the plaintiff in error was sentenced by the court for a longer period than is allowed by law, the judgment must be reversed and the prisoner discharged. — 13 *Mich.* 365; 2 *Metc.* 419; 8 *Barn. and Cress.* 395; 7 *Adolph. and Ellis,* 58.

*W. L. Stoughton,* Attorney General, for the People.

The only question presented is, whether the court had power, upon a conviction for an offense which, if committed, would be punishable by five years in the State Prison, to sentence the person so convicted to the State Prison for a period of three years.

Section 5761 of the Comp. Laws makes the punishment for larceny, by stealing from the person, five years' imprisonment in the State Prison, or one year in the county jail.

The second subdivision of section 5947 of the Comp. Laws is as follows: "If the offense so attempted to be committed is punishable by imprisonment in the State Prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the State Prison not more than three years, or in the county jail not more than one year.

The class of cases, and the punishment awarded, are here clearly and fully set forth. There is no uncertainty, and no reference is made to any other or different punishment for such cases. The sentence imposed by the court below is in accordance with this provision, and fully authorized by its express terms.

But it is claimed on the part of the plaintiff in error, that this provision is limited by the last clause of the third subdivision of this section. It is respectfully submitted that this construction can not prevail.

1. The court will so construe a statute as to give effect, if possible, to every clause and section of it. — 1 *Bishop's Cr. L.* § 66; 5 *Mich.* 114; *Dwarris on Stat.* 568; 22 *Pick.* 571.

The natural and reasonable construction of this section will confine the limiting clause to the last subdivision, and to that alone. In case the offense attempted to be committed is punishable by a less term than five years in the State Prison, the attempt can only be punished by imprisonment in the county jail, or by a fine of three hundred dollars. The attempt, in such a case, is not a felony, but a misdemeanor. — *Comp. L.* § 5955.

The only "punishment by imprisonment" provided for in the third subdivision is in the county jail; and the words "the punishment by imprisonment," in the last clause, would seem, naturally and grammatically, to relate to the same words used in the clause immediately preceding, rather than to another and different kind of punishment provided for a felony in a former subdivision. — 1 *Bishop's Cr. L.* § 68; *Dwarris on Stat.* 573.

3. If we consider the object designed to be accomplished by this limiting clause, it will very clearly appear that it was intended by the legislature to relate only to the third subdivision. Without this limitation the punishment provided by the third subdivision would be unjust and unreasonable. All attempts to commit offenses

which, if actually committed, would incur a less penalty than five 'years in the state prison, are made punishable by one year's imprisonment in the county jail, or a fine of three hundred dollars.

But there is a large class of cases where the offense, if consummated, can only be punished by the same, or even a less penalty. Hence the necessity and reasonableness of the clause in question, when confined to the third subdivision. It would evidently be unjust to impose the same or a greater punishment upon an attempt, than upon the actual commission of an offense. Section 5794, of the Comp. Laws, for instance, provides that certain willful and malicious acts shall be punished by imprisonment in the county jail not exceeding six months, or a fine not exceeding fifty dollars, or both. The attempt to commit such acts would doubtless be within this statute, but it would be strange, indeed, if the attempt could be punished by one year's imprisonment, etc., while a less punishment would attach to the offense if actually committed. Such, however, would be the effect but for the limitation referred to. — 1 *Bishop's Cr. Law*, § 61; 13 *Mich.* 44.

4. The clause limiting the punishment for an attempt to one - half of the imprisonment imposed upon the offense if committed, can not apply to the first subdivision of this section. This only embraces offenses, if such there be, which, if committed, would be punishable with death. Nor can it apply to that class of cases mentioned in the second subdivision, which, if committed, would be punishable by imprisonment in the state prison for life. Such a construction would be wholly unreasonable, and lead to a degree of uncertainty never contemplated by the legislature. The court will so construe a statute as to give it a reasonable effect. — 8 *Pick.* 370.

And it seems very clear that the same punishment

is provided for all attempts to commit an offense, whenever the actual commission would be punishable by imprisonment in the state prison for five years, or for life.

CHRISTIANCY J.

The plaintiff in error was convicted of an attempt to commit larceny from the person of one Rachael Thompson, and sentenced to be confined at hard labor in the state prison for the period of three years; and the question is, whether this period of imprisonment does not exceed that which the statute has prescribed for the offense of which he was convicted.

The punishment for the completed offense of larceny from the person, as fixed by the statute, is "imprisonment in the state prison not more than five years, or by imprisonment in the county jail not more than one year." — 2 *Comp. L.* § 5761. Section 11 of chapter 192, Compiled Laws, for the punishment of attempts to commit crimes, is in the following words:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

1. If the offense attempted to be committed is such as is punishable with death, the person convicted of such attempt shall be punished by imprisonment in the state prison not more than ten years.

2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not more than three years, or in the county jail not more than one year.

3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than five years, or by imprisonment in the county jail, or by fine, the offender convicted of such attempt shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding three hundred dollars; but in no case shall the punishment by imprisonment exceed one-half of the greatest punishment which might have been inflicted if the offense so attempted had been committed."

The only question is, whether the 'last provision in the third subdivision (limiting the punishment by imprisonment to one-half the greatest punishment which might have been inflicted for the offense if completed), applies as well to the offenses provided for in the second, as to those in the third subdivision.

We see no reason to doubt that such was the intention of the statute. The reasons for limiting the period of imprisonment for an *attempt* to commit an offense, to one-half that provided for the consummated offense, are, in our view, equally strong, in the cases provided for in the second subdivision as for applying the same limitation to those mentioned in the third, and this being so, there should be some plain reason furnished by the language of the statute, to confine the operation of the clause to the third subdivision only.

We can discover nothing in the language of the provision or in the punctuation to thus confine it. On the other hand, the prohibition is general, and all the terms used apply equally well to both subdivisions, "but in *no case* shall the punishment by imprisonment exceed," etc. Had it been the intention to confine the operation of the clause to the cases of "imprisonment" mentioned in the third subdivision, we should naturally have expected some indication of the intention thus to limit it, such as "in no case mentioned in this subdivision," or something of similar import.

If the attention of the judge was called to the statute, he may have been misled by inferring from the latter clause of the second subdivision, that this subdivision was complete in itself, and had fixed a different limit for the ratio of punishment between an attempt and a completed offense, from that fixed by the third. But it will be seen that without this limitation found in the third subdivision, the second would fix the same limitation for an attempt to commit an offense punishable by imprisonment for life as for one punishable with but five years; and for the purpose of approximating a ratio in the various cases, this general limitation of subdivision two was made subject to the further limitation at the close of subdivision three.

We are, therefore, of opinion that the imprisonment for the offense of which the defendant was convicted, is limited to two years and a half. The sentence exceeded this limit, and is therefore void for the whole. — *Elliott v. The People*, 13 *Mich.* 365. The judgment must be reversed, and the defendant discharged.

CAMPBELL and COOLEY JJ. concurred.

MARTIN Ch. J. did not sit in this case.