PEOPLE v. LOGAN

1. CRIMINAL LAW—HOUSE OF ILL FAME.
    It is a crime to keep, maintain or operate a house of ill fame,
    or to aid and abet in doing so (CL 1948, § 750.452).

2. CRIMINAL LAW—MAINTAINING HOUSE OF ILL FAME—EVIDENCE—
   ADMISSIBILITY—HEARSAY RULE.
    Testimony of a police officer, at defendant's trial for maintain-
    ing a house of ill fame, that the girl who solicited him told
    him, "The man upstairs was the boss and he sets the rules",
    was hearsay and was not admissible in evidence on the pretext
    that the prosecution was offering it to prove that such a state-
    ment was made and not for the purpose of proving the
    truth of the statement (CL 1948, § 750.452).

3. EVIDENCE—ADMISSIBILITY—HEARSAY—CROSS-EXAMINATION.
    Hearsay testimony is not generally admissible in evidence because
    the essential right of cross-examination is absent.

Appeal from Bay, John X. Theiler, J.  Sub-
mitted Division 3 April 8, 1969, at Grand Rapids.
(Docket No. 5,529.)   Decided May 26, 1969.

Henry Lee Logan was convicted of maintaining
a house of ill fame.  Defendant appeals.  Reversed
and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene C. Pen-
zien,* Prosecuting Attorney, for the people.

*Peter G. Seward,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M.
BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1]  42 Am Jur, Prostitution § 3.
[2]  42 Am Jur, Prostitution §§ 22, 24.
[3]  29 Am Jur 2d, Evidence § 493.

Per Curiam. Defendant's jury trial resulted in his conviction of violating CL 1948, § 750.452 (Stat Ann 1954 Rev § 28.707). The statute makes it a crime to keep, maintain or operate a house of ill fame, or to aid and abet in doing so. Defendant was sentenced and he appeals.

At trial over defendant's objection, a police officer testified that the girl who solicited him told him, "the man upstairs was the boss and he sets the rules". The man upstairs was defendant. The only other proof connecting defendant with keeping, maintaining or operating a house of ill fame or aiding and abetting in doing so was that a state sales tax license was in the name of Henry Lee Logan for the place in which the solicitation occurred, that he made change for $5 at the request of a girl present, and that about one year prior to the events here involved he referred to vending machines and a pool table in the establishment as his.

Defendant moved for new trial because of the admission of the testimony objected to and for other reasons. This motion was denied.

The statement objected to was hearsay. Hearsay testimony is not generally admissible because the essential right of cross-examination is absent. *People* v. *Chambers* (1937), 279 Mich 73, 78; *People* v. *Trilck* (1965), 374 Mich 118, 122. The hearsay statement was not admissible on the pretext that the prosecution was offering it to prove that such a statement was made and not for the purpose of proving the truth of the statement. See 6 Wigmore on Evidence (3d ed), § 1766. The offer here was of substantive proof.

Reversed and remanded for new trial.