PEOPLE v REA

1. EVIDENCE—HEARSAY—ADMISSIBILITY.
   Hearsay testimony is generally not admissible because the es
   sential right of cross-examination which exposes the credibility
   of the maker of the statement to the scrutiny of the jury
   is absent.

2. EVIDENCE—HEARSAY—ADMISSIBILITY—CONVERSANT TESTIFYING.
   Any error resulting from the admission of hearsay testimony
   is rendered moot and harmless when the conversant is called
   as a witness and subjected to cross-examination.

3. CRIMINAL LAW—GROSS INDECENCY—STATUTE—VAGUENESS.
   The gross indecency statute is not constitutionally infirm be-
   cause of vagueness (MCLA 750.338[b]).

4. CRIMINAL LAW—GROSS INDECENCY—APPEAL AND ERROR—JURY'S
   FINDING.
   An appellate court will not substitute its opinion as to whether
   an act is grossly indecent in the eyes of the community as
   a whole for that of a properly charged jury (MCLA 750-
   .338[b]).

Appeal from Wayne, Harry Dingeman, J. Sub-
mitted Division 1 December 15, 1971, at Lansing.
(Docket No. 10213.) Decided January 24, 1972.
Leave to appeal denied, 388 Mich 795.

Michael J. Rea was convicted of assault with in-
tent to rape, and gross indecency. Defendant ap-
peals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 493–497.
[2] 29 Am Jur 2d, Evidence §§ 493, 496.
[3] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 5.
[4] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 22, 34, 40.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward M. Babcock,* Assistant Prosecuting Attorney, for the people.

*Robert Shulman,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was found guilty by a jury of assault with intent to rape,[1] and gross indecency.[2] He was sentenced to 9 to 10 years in prison on the assault count and 4-1/2 to 5 years in prison on the gross indecency count; the sentences to run concurrently. On appeal he asserts that error arose from the admission of hearsay evidence, that the assault with intent to rape verdict was against the weight of the evidence, that the gross indecency statute is unconstitutionally vague and that, in light of contemporary mores, cunnilingus is not grossly indecent behavior.

Hearsay testimony is generally not admissible because the essential right of cross-examination is absent; and, therefore, the jury is not afforded the opportunity to test the credibility of the person making the statement. *People v Chambers,* 279 Mich 73 (1937); *People v Trilck,* 374 Mich 118 (1965); *People v Logan,* 17 Mich App 363 (1969). Any error resulting from the alleged hearsay testimony herein was rendered moot and harmless by the fact that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA 750.85; MSA 28.280.
[2] MCLA 750.338(b); MSA 28.570(2).

the conversants were called as witnesses and were subject to cross-examination of defense counsel and the scrutiny of the jury.

There was ample evidence adduced at trial to support the verdict of assault with intent to commit rape.

The gross indecency statute is not constitutionally infirm because of vagueness. *People* v *Dexter,* 6 Mich App 247 (1967).

This Court will not substitute its opinion as to whether an act is grossly indecent in the eyes of the community as a whole for that of a properly charged jury. The question of community mores is properly addressed to either the trier of fact or to the legislative branch of government. See *People* v *Haggerty,* 27 Mich App 594 (1970).

Affirmed.