PEOPLE *v* DANIELAC

CRIMINAL LAW—GROSS INDECENCY—FORNICATION—PUBLIC FORNICATION.

> Engaging in an act of sexual intercourse in the presence of others does not constitute an act of gross indecency between a male and a female, because a normal act of sexual intercourse, whether it is in public or in private, is not an *act* of gross indecency; the presence of other persons does not change the character of the act (MCLA 750.338b).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 8, 1971, at Detroit. (Docket No. 12214.) Decided January 26, 1972. Leave to appeal granted, 387 Mich 795.

Roman Danielac was convicted, on his plea of guilty, of committing an act of gross indecency between a male and a female. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
50 Am Jur 2d, Lewdness, Indecency and Obscenity §§ 2, 16.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

PER CURIAM.  Defendant Roman Danielac was convicted upon a plea of guilty of committing an act of gross indecency between a male and a female, MCLA 750.338b; MSA 28.570(2).  He appeals as of right.

The defendant contends that the trial judge failed to comply with the requirements of GCR 1963, 785.3 in accepting his guilty plea.  GCR 1963, 785.3 requires the trial judge to make an examination of the accused with respect to the facts of the crime and the defendant's participation in it before a guilty plea can be accepted.  *People v Perine,* 7 Mich App 292 (1967).  In *People v Mason,* 13 Mich App 277, 280 (1968), this Court stated:

"The failure to have established facts showing that the defendant committed the crime to which he pled guilty makes it necessary to set aside the conviction."

In the case at bar, the trial judge accepted defendant's plea of guilty after eliciting from the defendant that he had engaged in sexual intercourse with a girl over 16 years old in the presence of others.

This Court is, therefore, called upon to determine whether defendant's statement that he engaged in an act of sexual intercourse in the presence of others was sufficient to establish facts showing that he committed the crime of gross indecency to which he pled guilty.

The gross indecency statute does not define what constitutes its violation.  The statute, MCLA 750-.338b; MSA 28.570(2), reads:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life."

The circumstances under which defendant participated in the admitted act of sexual intercourse is crude and offensive. However, the act admitted by the defendant does not constitute a violation of the gross indecency statute cited above.

The statute contemplates an *act* of gross indecency *with* a person of the opposite sex. Fornication is not the commission of an "act" of gross indecency "with" a person of the opposite sex. The fact that defendant participated in a normal act of sexual intercourse in the presence of other persons does not change the character of the act. The offense is determined by the nature of the act and is not predicated on whether it is in public or in private.

While the examination by the court elicited despicable conduct on the part of the defendant, it

failed to reveal a factual basis for the plea of guilty as required by GCR 1963, 785.3 and MCLA 768.35; MSA 28.1058.

Reversed and remanded.