PEOPLE v DANIELAC

OPINION OF THE COURT

1. APPEAL AND ERROR.

Leave to appeal from the judgment of the Court of Appeals dismissed as improvidently granted.

DISSENTING OPINION

T. E. BRENNAN and M. S. COLEMAN, JJ.

2. CRIMINAL LAW—PLEA OF GUILTY—GROSS INDECENCY.

*Trial judge was correct in accepting a plea of guilty from defendant of committing an act of gross indecency of a male person with a female person where the act of defendant in having sexual intercourse with a 16-year-old girl within the total context of the orgy and before a male audience, some of whom were naked themselves and had themselves indulged in sexual perversion before the others, did constitute gross indecency (MCLA 750.338b).*

3. CRIMINAL LAW—GROSS INDECENCY.

*"Gross indecency" includes those acts which separately or in concert with other acts, in public or in private, are so repulsive, indecent, lascivious or abhorrent as to shock the public conscience and to militate against the moral health, dignity and welfare of the community (MCLA 750.338b).*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Levin and O'Hara, JJ., reversing and remanding Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted April 3, 1973. (No. 5 April Term 1973, Docket No. 54,027.) Decided June 18, 1973. Rehearing denied July 26, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 58–60.
[2, 3] 50 Am Jur 2d, Lewdness, Indecency and Obscenity § 2.

Appeal from 38 Mich App 230 dismissed.

Roman Danielac was convicted, on his plea of guilty, of committing an act of gross indecency of a male person with a female person. Defendant appealed to the Court of Appeals. Reversed and remanded. The people appeal. Dismissed as improvidently granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Per Curiam. The issues upon which leave to appeal in this matter was heretofore granted having been thoroughly examined, and briefs thereon considered, it is the opinion of the Court that leave to appeal was improvidently granted.

T. M. Kavanagh, C. J., and T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

M. S. Coleman, J. *(dissenting).* I cannot subscribe to the action which this Court undertakes today primarily because the majority opinion leaves intact the decision in the Court of Appeals. Defendant's conviction on a plea of guilty to gross indecency was there reversed and the matter remanded to the trial court.

Defendant was charged with violating MCLA 750.338b; MSA 28.570(2) which provides:

"Any male person who, in public or in private, commits or is a party to the commission of any act of gross

indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross inde-.cency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life."

He pled guilty, admitting having been one of several young men who had intercourse with a 16-year-old girl. The others present in the apartment were in various stages of undress and formed an audience for defendant's performance. In turn, they had engaged in fellatio before those assembled.

The Court of Appeals reversed defendant's conviction at 38 Mich App 230. It did not feel that "defendant's statement that he engaged in an act of sexual intercourse in the presence of others was sufficient to establish facts showing that he committed the crime of gross indecency to which he pled guilty". (p 231.) Admitting that the act occurred under "crude and offensive" circumstances, the Court nevertheless concluded with these words at p 232:

"The statute contemplates an *act* of gross indecency *with* a person of the opposite sex. Fornication is not the commission of an 'act' of gross indecency 'with' a person of the opposite sex. The fact that defendant participated

in a normal act of sexual intercourse in the presence of other persons does not change the character of the act. The offense is determined by the nature of the act and is not predicated on whether it is in public or in private."

While the examination by the court elicited "despicable" conduct on the part of the defendant, it failed to find a basis for the plea of guilty as required by GCR 1963, 785.3 and MCLA 768.35; MSA 28.1058.

I assert that the act of the defendant within the total context of the orgy and before a male audience, some of whom were naked themselves and had themselves indulged in sexual perversion before the others, did constitute gross indecency. The trial judge was correct in accepting the plea of guilty.

The traditional reference books throw little light upon this precise subject and the Legislature has not published comments upon the crime so it is reasonable to conclude that "gross indecency" includes those acts which separately or in concert with other acts, in public or in private, are so repulsive, indecent, lascivious or abhorrent as to shock the public conscience and to militate against the moral health, dignity and welfare of the community.

T. E. BRENNAN, J. concurred with M. S. COLEMAN, J.

LEVIN, J., did not sit in this case.