PEOPLE v LOVEDAY

1. CRIMINAL LAW—ATTEMPTS—GROSS INDECENCY—PLEA OF GUILTY—
   INDICTMENT AND INFORMATION.

   Defendant at no time was charged with an attempt to procure an
   act of gross indecency and his plea of guilty was to attempted
   gross indecency; this was the understanding of the defendant,
   the prosecutor and the trial judge and there was no ambiguity
   or confusion in the record where the recognizance described the
   alleged offense as gross indecency between male and female
   persons, the information, the waiver of examination and the
   arraignment were similarly labeled, the court file contained a
   document where the prosecutor recommended acceptance of a
   plea to "Attempt [sic] Gross Indecency" and documents signed
   by the trial judge which shows a change of plea to guilty of
   "attempt [sic] gross indecency", another committing defendant
   to prison for "the crime of Attempted Gross Indecency" and the
   same offense was shown on the warrant for defendant's re-
   moval to the state prison, also signed by the trial judge (MCLA
   750.92, 750.338[b]).

2. CRIMINAL LAW—ATTEMPTS—SENTENCES—STATUTES—CONSTRUCTION
   —GROSS INDECENCY.

   The reasons for and the intention of a statute limiting the period
   of imprisonment for an *attempt* to commit an offense to one-
   half that provided for the consummated offense are equally
   strong in the cases in the second subdivision thereof providing
   the punishment if the offense so attempted is punishable by life
   imprisonment or for five years or more as for applying the
   limitation to those in the third subdivision thereof where the
   punishment for the offense so attempted to be committed is less
   because the prohibition is general and all the terms used apply
   equally well to both subdivisions; therefore, defendant's sen-
   tence was limited to two and one-half years where he pled
   guilty to attempted gross indecency between male and female

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Lewdness, Indecency and Obscenity §§ 31–33.
[2] 50 Am Jur 2d, Lewdness, Indecency and Obscenity §§ 11, 12.

and a sentence for the offense so attempted to be committed is not more than five years (MCLA 750.92, 750.338[b]).

Appeal from order of Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., affirming Wayne, Horace W. Gilmore, J. Submitted November 7, 1973. (No. 5 November Term 1973, Docket No. 54,429.) Decided December 18, 1973.

Donald Arthur Loveday was convicted, upon his plea of guilty, of attempted gross indecency between male and female. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward R. Wilson,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Judith K. Munger),* for defendant on appeal.

M. S. COLEMAN, J. Defendant offered a plea of guilty on October 12, 1971 to a charge of attempted gross indecency between male and female.[1] The plea was accepted on December 14,

---

[1] MCLA 750.338b; MSA 28.570(2) reads in part:

"Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. * * * Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00 * * * ."

1971. Defendant was sentenced to a term of 4–5 years.

The Court of Appeals granted the people's motion to affirm defendant's conviction on September 28, 1972. It was their conclusion "that the questions sought to be reviewed are so unsubstantial as to need no further argument or formal submission."

Leave to appeal was granted on March 15, 1973. 389 Mich 776.

It is defendant's claim that his sentence should be no greater than two and one-half years. He claims the gross indecency statute does not speak to attempts to commit an act of gross indecency. Therefore, his sentence should be governed by MCLA 750.92; MSA 28.287 which provides in part:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

\* \* \*

"2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year;

"3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed 1/2 of the greatest pun-

ishment which might have been inflicted if the offense so attempted had been committed."

Defendant claims the limitation found in paragraph 3 applies to the entire statute.

The people do not contest defendant's interpretation of MCLA 750.92. The gross indecency statute does punish attempts to procure acts of gross indecency. Defendant's activities are said to constitute an attempt to procure.

The people's position is untenable. At no time was defendant charged with an attempt to procure. The recognizance described the alleged offense as gross indecency between male and female persons. The information was similarly labeled as was the waiver of examination and the arraignment.

The court file contains a document where the prosecutor recommends acceptance of a plea to "Attempt *[sic]* Gross Indecency between Male & Female with a Max. Penalty of 2 1/2." At the proceeding where defendant pled guilty, the prosecution told the court that defendant agreed to plead to the above charge. However, the prosecution did say the penalty was 5 years not 2-1/2.

The file contains a document signed by the trial judge which shows a change of plea to guilty of "attempt *[sic]* gross indecency between male and female." Another document signed by the trial judge committed defendant to the state prison for "the crime of Attempted Gross Indecency Between Male and Female Persons." The same offense was shown on the warrant for defendant's removal to the state prison, which is also signed by the trial judge.

It is evident that defendant at no time was charged with an attempt to procure an act of gross

indecency. His plea was to attempted gross inde-
cency. This was his understanding, it was the
prosecutor's understanding, it was the trial court's
understanding. There is no ambiguity or confusion
in this record.

As noted above, the people do not contest de-
fendant's interpretation of the limitation found in
paragraph 3 of MCLA 750.92. The only case to
have directly addressed this question is *O'Neil v
People,* 15 Mich 275 (1867). Defendant was charged
with attempted larceny from a person. Punish-
ment for the completed offense was not more than
five years in the state prison or not more than one
year in the county jail. Defendant had been sen-
tenced to a term of three years.

The Court, speaking through Justice CHRISTI-
ANCY held the limitation in paragraph 3 applicable
to all sections of the statute:

"We see no reason to doubt that such was the inten-
tion of the statute. The reasons for limiting the period
of imprisonment for an *attempt* to commit an offense,
to one-half that provided for the consummated offense,
are, in our view, equally strong, in the cases provided
for in the second subdivision as for applying the same
limitation to those mentioned in the third, and this
being so, there should be some plain reason furnished
by the language of the statute, to confine the operation
of the clause to the third subdivision only.

"We can discover nothing in the language of the
provision or in the punctuation to thus confine it. On
the other hand, the prohibition is general, and all the
terms used apply equally well to both subdivisions, 'but
in *no case* shall the punishment by imprisonment ex-
ceed,' etc. Had it been the intention to confine the
operation of the clause to the cases of 'imprisonment'
mentioned in the third subdivision, we should naturally
have expected some indication of the intention thus to
limit it, such as 'in no case mentioned in this subdivi-
sion,' or something of similar import."

Defendant's sentence was limited to two and one-half years. This interpretation was adopted by the Attorney General at OAG, 1939–1940, p 57 (March 21, 1939).

As is often the case, we find the reasoning of Justice CHRISTIANCY persuasive. We reaffirm the holding of *O'Neil.* This case is remanded for resentencing in accordance with this opinion.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.