PEOPLE v TOWLEN

1. CRIMINAL LAW—GROSS INDECENCY—QUESTION OF FACT—APPEAL
AND ERROR—STATUTES.

Gross indecency is a question of community morals for the trier
of fact, and the Court of Appeals will not substitute its judg-
ment for that of a trial judge, sitting without a jury, who
determined that the actions of a defendant constituted gross
indecency under the statute (MCLA 750.338b; MSA 28.570[2]).

2. WITNESSES—CRIMINAL LAW—EXPERT WITNESSES—SPECIAL KNOWL-
EDGE—DRUGS AND NARCOTICS—METHADONE.

A witness was properly allowed to testify that in her opinion a
substance given to her by the defendant was methadone where
she testified that she had been taking methadone for some
time, that the pills given her had the appearance of those she
had taken in the past and that she received the same reaction
from the pills as she had received in the past; a person does not
have to have formal education to be an expert, but may acquire
special knowledge of the subject by other means.

3. WITNESSES—QUALIFICATIONS OF WITNESS—WEIGHT—CREDIBILITY—
QUESTION OF FACT.

The question of a witness's qualifications is a matter of weight
and credibility for the trier of fact.

4. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—REFUSAL TO
TESTIFY—PROSECUTORS—IMMUNITY FROM PROSECUTION.

A prosecutor who has called a res gestae witness to the stand has
done all that he is required to do; he is not required to apply to
the court to grant the witness immunity from prosecution in

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 40, 41.

[2] 58 Am Jur, Witnesses § 842.

31 Am Jur 2d, Expert and Opinion Evidence §§ 24, 25.

[3] 81 Am Jur 2d, Witnesses §§ 69, 70.

[4] 81 Am Jur 2d, Witnesses § 28 et seq.

Tort or statutory liability for failure or refusal of witnesses to give
testimony. 61 ALR3d 1297.

[5] No reference.

order to force the witness to testify after the witness has refused to testify citing the Fifth Amendment (US Const, Am V).

5. WITNESSES—CRIMINAL LAW—ATTORNEYS—REPRESENTING WITNESSES—PARTICIPATION IN TRIAL.

An attorney may represent a witness who is not one of the parties charged at a trial to protect the rights of that witness, but such an attorney may not participate in the trial.

Appeal from Oakland, Richard D. Kuhn, J. Submitted December 3, 1975, at Lansing. (Docket No. 22903.) Decided January 8, 1976.

Harvey Towlen was convicted of delivery of a controlled substance to a minor and of gross indecency between male and female persons. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Paul A. Nida,* for defendant on appeal.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

R. B. BURNS, P. J. Defendant was convicted by a judge, sitting without a jury, of the offenses of delivery of a controlled substance to a minor, MCLA 335.341, 335.346; MSA 18.1070(41), 18.1070(46), and gross indecency between male and female persons, MCLA 750.338b; MSA 28.570(2). He appeals and we affirm.

The complainant, a 16-year-old girl, testified that the defendant took her to a motel room, gave her pills that he told her were methadone, and then forced her to engage in an act of fellatio.

Defendant claims that the act of fellatio between an adult male and a 16-year-old girl does not constitute gross indecency under the statute. Gross indecency is a question of community morals for the trier of fact. *People v Rea,* 38 Mich App 141; 195 NW2d 809 (1972). The trial judge determined that the actions of the defendant were prohibited by the statute and we will not substitute our judgment for that of the trier of the fact.

Defendant asserts that the trial court should not have allowed the complaining witness to testify that in her opinion the substance given to her by the defendant was methadone.

The complaining witness testified that she had been taking methadone since she was 15 years old; that she had taken over 250 tablets, often at the rate of three per day; that on the date in question the defendant had told her the pills were methadone and that the pills had "J-42" and "Lilley" on them as had the methadone pills which she had taken in the past; that she received the same reaction after taking the pills as she had received in the past after taking methadone. She stated that in her opinion the pills given to her by the defendant were methadone pills.

A person does not have to have formal education to be an expert, but may acquire special knowledge of the subject by other means. The question of the witness's qualifications is a matter of weight and credibility for the trier of fact. *People v Charles Wilson,* 27 Mich App 171; 183 NW2d 368 (1970).

Nisrum Karim, a res gestae witness, was called to the stand, but refused to testify citing the Fifth Amendment. The defendant claims that the trial judge should have granted her immunity and forced her to testify.

The defendant has not cited any authority for his theory, and we have not found any that would require a prosecutor to elect and decide if he should go forward with a prosecution or grant immunity so as to require a witness to testify in a case other than her own. The prosecutor produced Nisrim Karim. That is all he was required to do and he was not required to apply to the court asking that she be granted immunity to testify.

Lastly, it was not error for the attorney for Ms. Karim to represent her at the trial and protect her rights. The attorney did not participate in the trial as in *People v Henderson,* 382 Mich 582; 171 NW2d 436 (1969).

Affirmed.