PEOPLE v MABRY

Docket No. 48006. Submitted October 9, 1980, at Grand Rapids.— Decided December 3, 1980. Leave to appeal applied for.

Van T. Mabry was convicted of attempting to procure an act of gross indecency, Kent Circuit Court, George R. Cook, J. He appeals, alleging that the trial court erred in refusing to quash the information against him on the grounds that the essential elements of the charged criminal offense were not established at his preliminary examination. *Held:*

The prosecution failed to show that defendant attempted to facilitate sexual activity between two individuals other than himself necessary to establish the charged procurement—a felony. Defendant's conduct could more properly be classified as an act of solicitation—a misdemeanor. The trial court erred in failing to quash the information against the defendant.

Reversed.

1. CRIMINAL LAW — WORDS AND PHRASES — PROCUREMENT — SOLICITATION — STATUTES.

A trial court, in determining whether to convict a defendant on a charge of attempting to procure an act of gross indecency, should construe the word "procure" to refer only to the acquisition of something on behalf of another and not for oneself; words or conduct by which a party invites another to perform an immoral act should more properly be construed as solicitation (MCL 750.338, 750.448; MSA 28.570, 28.703).

2. CRIMINAL LAW — DIFFERENCES IN PENALTIES.

A rational basis must exist for marked differences in penalties for the violation of separate criminal statutes.

3. CRIMINAL LAW — ACTS OF GROSS INDECENCY — PROCUREMENT — BASIS FOR CONVICTION — STATUTES.

A prosecutor should show that a defendant attempted to facilitate

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Prostitution §§ 8, 12.
[2] 21 Am Jur 2d, Criminal Law §§ 546, 580-582.
   36 Am Jur 2d, Forfeitures and Penalties § 51 *et seq.*
[3] 63 Am Jur 2d, Prostitution § 14.

sexual activity between two individuals other than himself to sustain a conviction for attempting to procure an act of gross indecency (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Murphy, Burns & McInerney, P.C.,* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

PER CURIAM. Defendant was convicted by a jury of the crime of attempting to procure an act of gross indecency. MCL 750.338; MSA 28.570. The alleged criminal conduct consisted of approaching a security guard in a rest room at Grand Rapids Junior College and offering to perform certain sexual acts with him. The dispositive issue on appeal is whether defendant can be convicted of attempting to procure an act of gross indecency under the facts of this case. We hold that he cannot.

We are in agreement with Judge BRONSON's dissent in the recent decision of *People v Masten,* 96 Mich App 127; 292 NW2d 171 (1980), in which he construed the term "procure" as encompassing only the acquisition of something on behalf of another and not for oneself. In the instant case, since defendant was attempting to initiate sexual activity between himself and another person, his actions would not constitute procuring or attempting to procure an act of gross indecency.

The conduct of defendant would more properly be classified as an act of solicitation. MCL 750.448; MSA 28.703. We construe the solicitation statute

as applying to two-party situations in which one party, through words or conduct, invites another to perform an immoral act. The crime of solicitation carries a lesser penalty and is classified as a misdemeanor, while the crime of attempting to procure an act of gross indecency is classified as a felony and carries a greater penalty. There must be a rational basis for the marked differences in penalties for the violation of separate statutes. *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974). We find such a basis here. The Legislature, by using the term "procure" in the gross indecency statute, has decided to punish separately three-party transactions. We are not persuaded by the prosecutor's argument that the solicitation statute is distinguishable as applying to conduct of a lesser degree of offensiveness; nor do we find persuasive defendant's argument that the gross indecency statute applies only to public acts.

Accordingly, defendant's conviction for the crime of attempting to procure an act of gross indecency must be reversed. The prosecution failed to show that defendant attempted to facilitate sexual activity between two other individuals.

Since our resolution of this issue completely disposes of this case, we need not discuss defendant's other claims of error.

Reversed.