## PEOPLE v MASTEN

## PEOPLE v MABRY

Docket Nos. 65688, 66414. Decided August 9, 1982. On request by
defendant Masten for review of the record and on delayed
application by the people for leave to appeal in *Mabry,* the
Supreme Court, after response by the prosecutor to an order to
show cause why defendant Masten should not be granted relief,
in lieu of granting leave to appeal, affirmed the judgment of the
Court of Appeals in *Mabry* and reversed the defendant's convic-
tion in *Masten.*

    Jeffrey S. Masten was convicted in Kent Circuit Court, John T.
Letts, J., of attempting to procure the commission of an act of
gross indecency on evidence that he offered to perform fellatio
with three police officers for $25. The defendant argues that the
statutory term "procure" is limited to attempts to induce acts
involving two or more other persons. The Court of Appeals,
Danhof, C.J., and Beasley, J. (Bronson, J., dissenting), affirmed
(Docket No. 77-3463). The defendant requests review of the
record.

    Van T. Mabry was convicted by a jury in Kent Circuit Court,
George R. Cook, J., of attempting to procure the commission of
an act of gross indecency on evidence that he offered to perform
certain sexual acts with a security guard in a restroom at
Grand Rapids Junior College. The Court of Appeals, R. M.
Maher, P.J., and R. B. Burns and D. F. Walsh, JJ., reversed the
conviction in a per curiam opinion on the ground that the
defendant's conduct only amounted to the misdemeanor of
solicitation (Docket No. 48006). The people apply for delayed
leave to appeal.

    In a unanimous opinion per curiam, the Supreme Court *held:*

    The trial court erred in construing the section of the Penal
Code which proscribes procuring or attempting to procure an
act of gross indecency to apply to the defendants. That section
applies to situations in which a defendant facilitates or at-
tempts to facilitate the commission of gross indecency by two
persons other than himself. An attempt by a defendant, as in

these cases, to initiate sexual activity between himself and another person is properly classified as solicitation.

The conviction in *Masten* is reversed. The judgment of the Court of Appeals reversing the conviction in *Mabry* is affirmed.

96 Mich App 127; 292 NW2d 171 (1980) reversed.

102 Mich App 336; 301 NW2d 528 (1980) affirmed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

Jeffrey S. Masten *in propria persona.*

*Murphy, Burns & McInerney, P.C.* (by *Peter P. Walsh),* for defendant Mabry.

PER CURIAM. These cases raise identical questions regarding interpretation of MCL 750.338; MSA 28.570. At issue is whether a defendant may be convicted of attempting to procure the commission of an act of gross indecency when the act proposed would be between the defendant and another person. We conclude the statute does not apply in such circumstances.

I

In each of these cases there was evidence that the male defendants suggested to other men that the defendant would be willing to perform certain sexual acts with them, in one case for money. No sexual activities took place.[1] Each was convicted of attempting to procure the commission of an act of gross indecency under MCL 750.338; MSA 28.570:

[1] In *Masten* the men to whom the defendant made the offer were police officers. In *Mabry* the man approached was a school security guard. In each case the defendant was promptly arrested.

"*Any male person who,* in public or in private, commits or is a party to the commission of or procures or *attempts to procure the commission by any male person of any act of gross indecency with another male* person shall be guilty of a felony, punishable by imprisonment in the state prison. for not more than 5 years * * *." (Emphasis added.)

In *Masten,* the Court of Appeals affirmed the conviction, the majority citing *People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967), as implicitly holding that "the term 'procure' is not limited to situations in which one person attempts to induce an illegal act involving two or more other persons". *People v Masten,* 96 Mich App 127, 133, fn 7; 292 NW2d 171 (1980). Judge BRONSON dissented, concluding:

"It is apparent that the ordinary use of the word 'procure' in the context of sexual activity means the facilitation of sexual activity between two other individuals." 96 Mich App 139.

The defendant filed a request for review of his conviction under Administrative Order 1977-4, 400 Mich lxvii, and we ordered the prosecutor to show cause why the conviction should not be reversed for the reasons set forth in Judge BRONSON's dissent and by the Court of Appeals panel in *People v Mabry,* 102 Mich App 336; 301 NW2d 528 (1980). The prosecutor has filed a written response.

In *Mabry,* the Court of Appeals reversed, expressing agreement with Judge BRONSON's analysis, and reasoning that the offense charged here is distinguished from solicitation[2] because the latter

---

[2] MCL 750.448; MSA 28.703:

"Any person, male or female, 17- years of age or older, who shall accost, solicit or invite another in any public place, or in or from any building or vehicle, by word, gesture or any other means, to commit

applies to two-party transactions while attempting to procure the commission of an act of gross indecency requires that the proposed sexual activity be between two persons other than the defendant. The prosecutor has filed a delayed application for leave to appeal.

## II

We agree with the Court of Appeals in *Mabry* and Judge BRONSON's dissent in *Masten* that the part of the statute referring to one who "procures or attempts to procure" an act of gross indecency is meant to apply to situations in which the defendant facilitates or attempts to facilitate the commission of an act of gross indecency by two other persons.. This is simply the more sensible reading of the section. It is meant to proscribe two kinds of conduct: committing gross indecency and bringing about gross indecency. If "procure" is read to include bringing about such acts involving oneself, it adds nothing, since the actor will also have committed the act of gross indecency. Such a reading would have the anomalous result of subjecting those who *commit* or *procure* (for themselves) an act of gross indecency to the same five-year penalty, but, if there is only an attempt, one who attempts to commit the act can be sentenced to no more than two and one-half years,[3] while one who attempts to procure (for himself) such an act can be sentenced to five years. If procuring is limited to three-party transactions this sentencing provision is rational. The conduct of one who attempts to procure such an act between others is

prostitution or to do any other lewd or immoral act, shall be guilty of a misdemeanor."

[3] MCL 750.92; MSA 28.287. See *People v Loveday,* 390 Mich 711, 713-715; 212 NW2d 708 (1973).

not made either more or less culpable by the fortuitous circumstance that the other parties commit or do not commit the act of gross indecency.

We are not persuaded by the cases on which the prosecutor relies. Although *People v Dexter, supra,* involved a conviction for procuring an act of gross indecency in which the defendant was a participant, the issue was not raised or discussed in the opinion. While *People v Carey,* 217 Mich 601; 187 NW 261 (1922), apparently rejected an argument like that raised here, it did so without either explicitly explaining or, indeed, explicitly stating the issue.[4] For the reasons stated above, we disagree with its conclusion.

Accordingly, in *Masten* the request for review is treated as an application for leave to appeal. Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals in *Mabry* and reverse the defendant's conviction in *Masten.*

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[4] *Carey* says only:

"The information charged the procurement of the commission of the offense. This is criticized. It is sufficient to say that the evidence would support a charge of committing or of procuring to commit." 217 Mich 603-604.