PEOPLE v MYERS

Docket No. 92855. Submitted January 14, 1987, at Lansing. Decided July 6, 1987. Leave to appeal applied for.

Richard H. Myers was bound over to the Lenawee Circuit Court on one count of gross indecency with another male, and two other counts. Defendant moved to quash the information with respect to all three counts. The trial court, John C. Timms, J., granted the motion except as to the gross indecency charge. Defendant appeals, by leave granted, from the order denying his motion to dismiss the gross indecency charge. The fact situation herein involved the defendant's touching of another man's genital area over the other man's clothing.

The Court of Appeals *held:*

Since the Court of Appeals, following the "common sense of society" test articulated in *People v Dexter,* 6 Mich App 247 (1967), has consistently applied the gross indecency statute at issue, MCL 750.338; MSA 28.570, and the other gross indecency statutes to cases involving oral sexual acts, the Court of Appeals declined, in this instance, to apply the statute to the fact situation herein. The act with which defendant is charged does not constitute a violation of the statute.

Reversed.

CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES.

The statute regarding gross indecency between male persons does not apply to a fact situation involving a male defendant's touching of another male's genital area over the other male's clothing (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,*

REFERENCES

Am Jur 2d, Assault and Battery §§ 24, 27, 42.

Am Jur 2d, Lewdness, Indecency and Obscenity §§ 1, 2, 16.

Gesture as punishable obscenity. 99 ALR3d 762.

What constitutes "public place" within meaning of statutes prohibiting commission of sexual act in public place. 96 ALR3d 692.

Prosecuting Attorney, and *Frank C. Riley,* Assistant Prosecuting Attorney, for the people.

*Timothy P. Pickard,* for defendant.

Before: D. E. Holbrook, Jr., P.J., and Wahls and G. W. Crockett, III,* JJ.

Per Curiam. By way of interlocutory appeal, defendant was granted leave to appeal from an order denying his motion to dismiss the charge against him of one count of gross indecency with another male, MCL 750.338; MSA 28.570.

The facts giving rise to this case are essentially undisputed. On October 25, 1985, at approximately 2:45 P.M., a state police trooper, acting in an undercover capacity, was at the entryway of a toilet stall in a public restroom at a highway rest area. Defendant entered the restroom and struck up a conversation with the trooper. After they exchanged small talk, the trooper advised defendant that he had an appointment to keep and had to leave. Defendant leaned across the entryway and continued talking to the trooper. Defendant then began stroking himself in the groin area and stated that he wanted to play with the trooper. When the trooper asked what defendant meant, defendant put his arm around the trooper's shoulder and with his other hand grabbed and began to massage the trooper's groin area. According to the trooper, defendant again stated "let's play." The trooper advised defendant of his official capacity and placed defendant under arrest.

Defendant was bound over to circuit court on one count of gross indecency, one count of assault with intent to commit burglary or any other fel-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ony, MCL 750.87; MSA 28.282, and one count of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2).

In circuit court defendant moved to quash the information with respect to all three counts. The motion was granted except as to the gross indecency charge.

Defendant contends on appeal that the facts of this case, as adduced by the evidence presented at the preliminary examination, i.e., his touching of the trooper over his clothing in the genital area, as a matter of law do not establish a violation of the statute prohibiting gross indecency between males, MCL 750.338; MSA 28.570. We agree and reverse defendant's bindover.

MCL 750.338; MSA 28.570 provides:

> Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life.

As can be seen, gross indecency is not defined by the terms of the statute.

A conflict exists over whether gross indecency is defined by a "common sense of society" test articulated by this Court in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967), or whether the term carries the meaning offered by Justice LEVIN

in *People v Howell,* 396 Mich 16, 24; 238 NW2d 148 (1976). In *Dexter* the defendant was convicted, inter alia, of attempting to procure the commission of an act of gross indecency, specifically, fellatio. In rejecting a claim that the gross indecency statute was unconstitutionally vague, this Court stated:

> Statutes of the indecent liberties or gross indecency type penalize "conduct that is of such character that the common sense of society regards it as indecent and improper." *People v Szymanski,* 321 Mich 248, 252 [32 NW2d 451 (1948)]. The gross indecency statute is not vague or bereft of guidelines. [*Dexter, supra,* p 253.]

In part II of *Howell, supra,* Justice LEVIN rejected the common sense of society test employed in *Dexter, supra,* stating at 396 Mich 24:

> Accordingly, we reject the construction of the Court of Appeals in *Dexter* and construe the term "act of gross indecency" to prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public.[10]

---

[10] This construction makes it unnecessary either to determine whether the Legislature may constitutionally proscribe sexual conduct between consenting adults in private or to make distinctions regarding such conduct between married persons, persons living with each other, dating couples, and between persons of the same sex.

Michigan recently enacted a criminal sexual conduct law (1974 PA 266; MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.).* There is an overlap between the gross indecency statute (n 2) [MCL 750.338; MSA 28.570] and this enactment insofar as the new statute proscribes "sexual penetration" and "sexual contact" where (1) the victim is under 13 years of age; (2) the victim is between 13 and 16 and resides in the same household as the actor or is related by blood or affinity to the actor or the actor used a position of authority to coerce the victim to submit; (3) the conduct occurs under circumstances involving the commission of any other felony; or (4) force or coercion is used.

The statute at issue in *Howell* (assault with intent to commit certain crimes including gross indecency [n 1][MCL 750.85; MSA 28.280]) was repealed by 1974 PA 266 effective November 1, 1974. The people allege that Howell committed the proscribed act on April 30, 1973.

Since part II of *Howell* was approved by only three justices, it is of no precedential value. See *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *In re Perry,* 148 Mich App 601, 609; 385 NW2d 287 (1986), lv den 426 Mich 867 (1986). Under these circumstances it appears, and subsequent panels of this Court have held, that the common sense of society test remains viable after *Howell,* though somewhat limited. *People v William Clark,* 68 Mich App 48, 52-53; 241 NW2d 756 (1976); *People v Masten,* 96 Mich App 127, 132; 292 NW2d 171 (1980), rev'd on other grounds 414 Mich 16; 322 NW2d 547 (1982).[1]

Specifically, post-*Dexter* appellate decisions that have construed the gross indecency statute at issue have arisen from a factual background in which fellatio occurred. The statute has long been applied to cases involving forced fellatio and fellatio with a minor. *Howell, supra,* p 21; *Dexter, supra; Masten, supra; People v Kalchik,* 160 Mich App 40; 407 NW2d 627 (1987). Prosecutions for sodomy, however, have always been brought under a separate statute, MCL 750.158; MSA 28.355. See *Dexter, supra; People v Schmitt,* 275 Mich 575; 267 NW 741 (1936). No cases were found in which another sexual act, i.e., the massage of fully covered male genitalia, has occurred.

Similarly, prosecutions brought under other gross indecency statutes which also do not define

---

[1] On the other hand, the commentary to the Michigan Criminal Jury Instructions notes the confusion in this area but appears to rely upon Justice LEVIN's definition of gross indecency. See, CJI, pp 20-103 —20-110.

an "act of gross indecency," namely MCL 750.338a; MSA 28.570(1) (gross indecency between females) and MCL 750.338b; MSA 28.570(2) (gross indecency between a male and a female) have involved acts of fellatio or cunnilingus. *People v Livermore,* 9 Mich App 47, 56-59; 155 NW2d 711 (1967) (sexual conduct between two females); *People v McCaleb,* 37 Mich App 502; 195 NW2d 17 (1972), lv den 389 Mich 784 (1973) (fellatio); *People v Rea,* 38 Mich App 141; 195 NW2d 809 (1972), lv den 388 Mich 795 (1972) (cunnilingus); *People v Roy Edwards,* 58 Mich App 146; 227 NW2d 263 (1975), reversed in light of *People v Howell, supra,* 396 Mich 825; 238 NW2d 536 (1976) (fellatio); *People v Towlen,* 66 Mich App 577; 239 NW2d 668 (1976), lv den 397 Mich 831 (1976) (fellatio).

In each of the above cases (except *Livermore,* which did not involve a determination of whether the sexual act committed constituted gross indecency), the trier of fact determined that the act was grossly indecent in light of community mores. In *People v Danielac,* 38 Mich App 230; 195 NW2d 922 (1972), app dis, 389 Mich 545; 208 NW2d 167 (1973), and *People v Holland,* 49 Mich App 76; 211 NW2d 224 (1973), however, this Court determined, as a matter of law, that the sexual acts at issue did not constitute acts of gross indecency. In *Danielac* the Court found that sexual intercourse between a male and female in the presence of others did not constitute an "act of gross indecency." In *Holland,* the Court found that the defendant's act of having his trousers open and having his female companion's hand on his penis did not constitute an act of gross indecency.

Since this Court, following the common sense of society test articulated in *Dexter, supra,* has consistently applied the gross indecency statute at issue and the other gross indecency statutes to

cases involving oral sexual acts, we decline, in this instance, to apply the statute to the fact situation herein involving the defendant's touching of another's genital area over clothing. In *Holland, supra,* the panel concluded:

> If an act of intercourse is not "gross indecency" [see *Danielac, supra*] we do not see how the action with which defendant is charged could possibly constitute a violation of the statute. We make no comment regarding whether the alleged facts might constitute a violation of some other statute. [*Holland, supra,* p 79.]

Likewise, we do not see how the act with which defendant is charged herein could constitute a violation of the statute. However, we make no comment regarding whether the alleged act might constitute a violation of some other statute. Accordingly, we reverse and vacate the circuit court's order denying defendant's motion to quash the information charging defendant with gross indecency.

In view of our disposition of this issue, resolution of defendant's remaining allegation of error is unnecessary. Further, we decline to review the issues raised by the prosecution in its appellate brief since these issues are not properly before this Court. MCR 7.205, 7.207.

Reversed.