## PEOPLE *v.* DEXTER.

1. Sodomy—Common-Law Definition.
   Michigan follows the common-law definition of sodomy, which is the crime of copulation with another person *per anum,* and not *per os.*

2. Criminal Law—Definition of Gross Indecency.
   Copulation with another person *per os,* or fellatio, is prohibited by the statutes punishing gross indecency (CLS 1961, § 750.338 *et seq.*).

---

References for Points in Headnotes
[1]  48 Am Jur, Sodomy §§ 1, 2.
[2]  6 Am Jur 2d, Assault and Battery § 24 *et seq.*
[3–9]  21 Am Jur 2d, Criminal Law § 9.
[10, 11]  21 Am Jur 2d, Criminal Law § 17.
[12]  53 Am Jur, Trial § 835.

3. Same—Sodomy—Gross Indecency—Merger of Counts.

No merger of counts results from charging offenses under sodomy statute in same information with offenses under gross indecency statutes, because the elements of the crimes of sodomy and gross indecency are different (CLS 1961, §§ 750.85, 750.158, 750.338).

4. Same—Assault—Attempt—Merger.

Attempted sodomy is a lesser offense included in assault with intent to commit the crime of sodomy, and is merged in a conviction on a count charging such assault (CLS 1961, §§ 750.85, 750.158).

5. Same—Merged Count—Conviction.

Conviction and sentence on two counts, one of which is merged into the other by reason of being a lesser included offense, although error, is not prejudicial, when the sentence on the greater offense is for a longer time of imprisonment than that on the lesser offense, and the sentences are to run concurrently.

6. Same—Gross Indecency—Merger of Counts.

Attempt to *procure* an act of gross indecency is a separate statutory offense from *assault* with intent to *commit* an act of gross indecency, and convictions on two counts, one charging each offense, arising out of the same transaction, does not cause merger of one count into the other (CLS 1961, §§ 750.85, 750.338).

7. Same—Information—Several Counts—Separate Classes of Offense.

It is not error to charge two separate classes of offense, sodomy and gross indecency, in different counts of one information, when all counts arose out of the same events (CLS 1961, §§ 750.85, 750.158, 750.338).

8. Same—Information—Joinder of Different Crimes—Waiver.

Defendant waived any right he may have had to have separate counts of an information charging acts of sodomy and gross indecency tried separately by proceeding to trial on all counts at the same time without objection (CLS 1961, §§ 750.85, 750.158, 750.338).

9. Same—Joinder of Counts—Prejudice.

Defendant suffered no prejudice by being tried on counts charging acts of sodomy and gross indecency at the same time, when the sentence he received was, for all practical

purposes, one sentence, which could have been imposed on conviction of either of two counts out of the four on which he was tried (CLS 1961, §§ 750.85, 750.158, 750.338).

10. SAME—GROSS INDECENCY—VAGUENESS.
Statutes of the "indecent liberties" or "gross indecencies" kind penalize conduct that is of such character that the common sense of society regards it as indecent and improper (CLS 1961, §§ 750.158, 750.338).

11. SAME—GROSS INDECENCY—VAGUENESS.
Statute penalizing "gross indecency" is not vague or bereft of guidelines (CLS 1961, § 750.338 *et seq.*).

12. TRIAL—INSTRUCTIONS—OBJECTION—WAIVER—SAVING QUESTION FOR REVIEW.
Failure to object to jury instructions on gross indecency, even though given express opportunity to do so, waives any right defendant might have had to object to instructions on appeal (GCR 1963, 516.2).

Appeal from Ingham; Hughes (Sam Street), J. Submitted Division 2 November 10, 1966, at Lansing. (Docket No. 2,075.) Decided March 14, 1967.

Harvey James Dexter was convicted on four counts of crimes of sexual perversion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James B. Brown,* Assistant Prosecuting Attorney, for the people.

*Lee G. Sheffer,* for defendant.

FITZGERALD, J. On August 9, 1965, a complaint and warrant were issued against Harvey James Dexter, charging him with the following offenses:
Count 1: Being a male person, did then and there in a private place, to-wit, North American

Van Lines, 3110 North Turner street, city of Lansing, county of Ingham, State of Michigan, attempt to procure the commission by a male person, to-wit, Edwin Lee Woodard, of an act of gross indecency, in violation of CLS 1961, § 750.338 (Stat Ann 1954 Rev § 28.570).

Count 2: Did then and there assault one Edwin Lee Woodard with intent to commit the crime of gross indecency, a felony contrary to the provisions of CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).

Count 3: Did then and there feloniously attempt to commit the abominable and detestable crime against nature, to-wit: sodomy, with Edwin Lee Woodard, by having unnatural carnal copulation with said Edwin Lee Woodard, contrary to CLS 1961, § 750.158 (Stat Ann 1962 Rev § 28.355).

Count 4: Did then and there assault one Edwin Lee Woodard with intent to commit the crime of sodomy, a felony, contrary to the provisions of CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).

The jury returned a verdict of guilty on all four counts. Dexter was sentenced to 3 months to 5 years on counts 1 and 3 and 9 months to 10 years on counts 2 and 4, all to run concurrently.

Appellant raises the question of whether the counts charging gross indecency merged into the sodomy counts. Michigan follows the common-law definition of sodomy. *People* v. *Hodgkin* (1892), 94 Mich 27. At common law, sodomy covered only copulation *per anum*. "Penetration *per os* did not constitute sodomy, or the 'crime against nature'," *People* v. *Schmitt* (1936), 275 Mich 575, 577, and cases therein cited. The legislature has shown no inclination to depart from the common-law definition of sodomy. Penetration *per os,* fellatio, is prohibited by the gross indecency statute. *People*

v. *Schmitt, supra.* The elements of gross indecency and sodomy differ.

In the case at bar, there was testimony from the complaining witness that the defendant did attempt penetration *per anum.* He further testified that the defendant sought to have an act of fellation performed on him. Thus, both sodomy and gross indecency were properly in issue and there was no merger of counts.

Count 3 of the information, attempted sodomy, should have been merged into the conviction on count 4 of the information, assault with intent to commit the crime of sodomy. Of the two offenses, manifestly the attempt is the lesser and is necessarily included in the conviction on the assault count. *People* v. *Jensen* (1926), 76 Cal App 558 (244 P 1086). Any possible error, however, was nonprejudicial. The defendant was found guilty of the larger offense and sentenced to a longer term than for the lesser included offense. In *People* v. *Podsiad* (1940), 295 Mich 541, the Supreme Court faced a similar problem, stating:

"With regard to the claimed error in sentencing defendant on two counts based upon the same act, we find no error. Although she was sentenced on each count, the sentences were for the same period of imprisonment and were to run concurrently. It is held that when a defendant is convicted on several indictments tried at the same time and is sentenced on each to run concurrently, the judgment will not be reversed because the evidence was insufficient to support one indictment, since the sentence is, in fact, but a single sentence and is supported by the conviction on the other indictments."

This reasoning applies with equal force here. The sentence for attempted sodomy was 3 months to

5 years and the assault 9 months to 10 years. In reality this is but a single sentence for 9 months to 10 years.

The same reasoning does not apply to counts 1 and 2. Count 1 charged the defendant with an attempt to *procure* an act of gross indecency. Count 2 charged the defendant with *assault* with intent to *commit* an act of gross indecency. These are separate statutory offenses and do not merge.

The fact that the information charged the defendant with two separate classes of offenses, sodomy and gross indecency, was not error, as both arose out of the same events. *People* v. *Kolowich* (1933), 262 Mich 137. The defendant at no time objected to the inclusion of these two counts on the same information. He did not object to trial on these counts at the same time. In this state of affairs, it must be held that the defendant waived his right to object to the trial of these issues together. In any event, defendant was not prejudiced in that he received for all pertinent purposes only one sentence, 9 months to 10 years. Either of the assault convictions alone would support this sentence.

The contention that the gross indecency statute is unconstitutionally vague is not tenable. In *People* v. *Hicks* (1893), 98 Mich 86, the Supreme Court commented on the statute which makes taking indecent and improper liberties a crime. The Court said:

"In this case, as in *State* v. *Millard,* 18 Vt 574 (46 Am Dec 170), it may be said that 'no particular definition is given by the statute of what constitutes the crime. The indelicacy of the subject forbids it and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the

sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it'."

This general principle was later applied to acts of gross indecency in *People* v. *Carey* (1922), 217 Mich 601. The Court stated at 603:

"The information in the language of the statute informed defendant of the crime for which he was to be tried. It should not state the evidence by which it is to be proved, nor should it describe the particular act charged."

Statutes of the indecent liberties or gross indecency type penalize "conduct that is of such character that the common sense of society regards it as indecent and improper". *People* v. *Szymanski* (1948), 321 Mich 248, 252. The gross indecency statute is not vague or bereft of guidelines.

Defendant did not object to the instructions given the jury on gross indecency even though he was given an express opportunity to do so. This failure of timely objection waives any right the defendant might have had to object now to the instructions. *People* v. *Mallory* (1966), 2 Mich App 359; GCR 1963, 516.2.

The other questions raised by appellant have been considered and deemed without merit.

Affirmed.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.