## PEOPLE v WILLIAM CLARK

1. Criminal Law—Photographic Identification—Eyewitness Identification—Impermissible Suggestions—Substantial Likelihood—Irreparable Misidentification.

   Convictions based on eyewitness identification at trial following a pretrial identification by photograph may be set aside because the photographic identification procedure was impermissibly suggestive only where the procedure, when evaluated in the light of the totality of the circumstances, was so suggestive as to give rise to a substantial likelihood of irreparable misidentification.

2. Criminal Law—Appeal and Error—Prosecutorial Misconduct—Preserving Question—Harboring Error.

   Allegations of prosecutorial misconduct will not be heard on appeal, absent manifest injustice, where defense counsel did not record objections at trial, ask for a corrective instruction, or move for a mistrial; counsel cannot sit back at trial and harbor error to be used as an appellate parachute in the event of jury failure.

3. Criminal Law—Prosecutorial Misconduct—Evaluating Conduct—Relationship to Evidence—Argument as a Whole.

   A prosecutor's closing argument must be evaluated as a whole in light of the relationship it bears to the evidence adduced at trial when improprieties are claimed.

4. Criminal Law—Gross Indecency—Constitutional Law—Vagueness—Definite Standards—Statutes.

   The statute proscribing gross indecency between a male and a female is not unconstitutionally vague and does provide a

---

### References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[2] 4 Am Jur 2d, Appeal and Error § 541.
   5 Am Jur 2d, Appeal and Error § 896.
[3] 75 Am Jur 2d, Trial §§ 211–314.
[4] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 18.
   Criminal offense predicated upon indecent exposure. 94 ALR2d 1353.

standard which is definite enough for the ascertainment of guilt (MCLA 750.338b; MSA 28.570[2]).

Appeal from Wayne, Thomas J. Foley, J. Submitted January 16, 1976, at Detroit. (Docket No. 21849.) Decided March 23, 1976.

William V. Clark was convicted of assault with intent to commit rape and gross indecency between a male and female. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Samuel C. Damren,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and BASHARA and ALLEN, JJ.

BASHARA, J. Defendant was convicted on June 27, 1974 by a jury of assault with intent to commit rape, MCLA 750.85; MSA 28.280, and gross indecency between a male and female, MCLA 750.338b; MSA 28.570(2). He appeals.

In the early morning hours of February 20, 1974 a man gained entrance by ploy to the apartment of the complaining witness. He attempted to rape her and forced her to perform fellatio.

After the assault the complainant reported the incident to the police. The description of the assailant included statements that he either looked like a Southerner or spoke with a Southern accent, and that he had made references to association with a

motorcycle gang. A week later the complaining witness identified the defendant by selecting his photograph after reviewing at least 50 to 60 photographs.

At trial the defendant raised the defense of alibi. In conjunction with the theory of mistaken identity, one Janice Reid testified that she had recently mistaken the defendant for an individual known only by the name of "Chopper". The description of Chopper paralleled the complaining witness's initial description of the attacker including the Southern accent and membership in a motorcycle gang. Ms. Reid explained that a friend by the name of Evelyn DePue had seen her mistake the defendant for Chopper. Ms. DePue was also a friend of the defendant, and being aware of his precarious situation, persuaded Ms. Reid to testify.

The first issue raised on appeal is whether the photographic identification procedure was impermissibly suggestive. Convictions based on eyewitness identification at trial following a pretrial identification by photograph, may be set aside only if the photographic identification procedure is so suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v United States,* 390 US 377, 384; 88 S Ct 967; 19 L Ed 2d 1247 (1968). The fairness of the identification procedure must be evaluated in the light of the totality of the circumstances. *Neil v Biggers,* 409 US 188, 199; 93 S Ct 375; 34 L Ed 2d 401 (1972), *People v Lee,* 391 Mich 618, 626; 218 NW2d 655 (1974).

The photographs were presented to the complainant in file trays containing approximately 25 photos. She viewed 50 to 60 photographs over a period of about one hour. As the complaining

witness completed review of another file tray of pictures, the police officer placed on the table the first photograph from a group he was holding in his hand for her review. The photo was that of the defendant. The complainant became hysterical. After regaining her composure, she identified the photo as that of her assailant.

The record does not indicate that the police officer emphasized or drew attention to the defendant's picture. The police officer testified that he held a number of photographs in his hand. He intended to show all the photographs to the complainant one at a time. Although the police officer admitted prior contact with the defendant, he related that nothing in the complainant's description led him to focus on the defendant as a possible suspect. We hold that the photographic identification procedure was not impermissibly suggestive. Accordingly, it is unnecessary for us to consider whether the in-court identification was independent of the photographic identification procedure. *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), *People v Franklin Anderson,* 389 Mich 155, 169; 205 NW2d 461 (1973).

Defendant next raises a number of issues regarding alleged improprieties committed by the prosecutor. He argues that the prosecutor engaged in an improper attack on the credibility of defense witness Janice Reid by (1) laughing during the course of her testimony, and (2) asking her whether the corroborating testimony of Evelyn DePue would be produced at trial. Defendant's allegations were not preserved for appeal since defense counsel did not record trial objections to the comments, ask for a corrective instruction, or move for a mistrial. *People v Gray,* 45 Mich App 643, 645; 207 NW2d 161 (1973), *affirmed,* 393 Mich

1; 222 NW2d 515 (1974), *People v Humphreys,* 24 Mich App 411, 416; 180 NW2d 328 (1970), GCR 1963, 516.2.

The record discloses that defense counsel was careful to include the prosecutor's laughter on the record, but neither voiced an objection nor asked for a mistrial. Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure. *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969). We caution the prosecutor against improper attacks on the credibility of defense witnesses which unnecessarily risk reversal of an otherwise untainted case. See *People v Christensen,* 64 Mich App 23; 235 NW2d 50 (1975), and *People v Lyons,* 49 Mich 78; 13 NW 365 (1882).

Defendant contends that the prosecutor in closing argument misstated and injected unsworn testimony by arguing that corroborating witnesses Chopper and Evelyn DePue could never be found, if in fact they did exist. Since no objection was made, the issue was not preserved on appeal. *People v Gray, supra.* The prosecutor's closing argument must be evaluated as a whole, in light of the relationship it bears to the evidence adduced at trial. *People v Cowell,* 44 Mich App 623, 627; 205 NW2d 600 (1973). Our review of the record shows that appellate counsel has cited comments out of text to give it meaning not intended by the prosecutor. We believe the prosecutor was merely pointing out that the testimony of Janice Reid was ridiculous and unbelievable.

Defendant also argues that the gross indecency statute between a male and female is unconsitutionally vague and gives no definite standard for the ascertainment of guilt. We disagree. *People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967),

and *People v Roy Edwards,* 58 Mich App 146; 227 NW2d 263 (1975). But see *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976).[1]

On September 21, 1975, the complainant committed suicide. On January 9, 1976, one week before scheduled oral argument, the appellate defender's office filed a motion to remand to the trial court for an evidentiary hearing on whether newly discovered evidence justified a new trial. The appellate defender's office had uncovered Chopper, also known as Gary Evans.

The allegations contained in both briefs and supporting affidavits have no official record support. We deny appellate defender's motion to remand to the trial judge for an evidentiary hearing on whether the newly discovered evidence requires a new trial. Our denial is without prejudice to appellate defender filing such a motion before the trial court. *People v Ginther,* 390 Mich 436, 443–444; 212 NW2d 922 (1973).

Affirmed.

---

[1] In *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976), Justices LEVIN, WILLIAMS and KAVANAGH rejected the gross indecency standard of "conduct that is of such character that the common sense of society regards it as indecent and improper". This standard was announced by Justice [then Judge] FITZGERALD in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967). They construed the " 'act of gross indecency' to prohibit oral and manual sex acts committed without consent or with a person under the age of consent". Justices COLEMAN, FITZGERALD, and LINDEMER concurred with the opinion with the exception of the adoption of this standard. Therefore, the standard of *People v Dexter, supra,* still is viable.