PEOPLE v DAUER

Docket No. 68196. Submitted September 7, 1983, at Lansing.—Decided February 7, 1984.

Patrick G. Dauer pled guilty in Bay Circuit Court to a charge of gross indecency between males and was sentenced to a term of from 5 to 7-1/2 years in prison, Eugene C. Penzien, J. Defendant appeals. *Held:*

1. Defendant's conviction is supported by a sufficient factual basis. Defendant's argument that the 15-year-old complainant consented to defendant's sexual contact with him is irrelevant. Michigan authority holds that convictions under the gross indecency statutes are proper even where the proscribed conduct occurs between two consenting parties, regardless of their ages. A Supreme Court case cited by defendant for the proposition that a conviction for gross indecency cannot be sustained where there is consent is not binding on the Court of Appeals because less than four of the justices agreed that lack of consent is an essential element of the crime of gross indecency.

2. Defendant's argument that the trial court considered evidence and facts outside the record in imposing its sentence upon defendant is rejected. The trial court's finding that defendant was of normal intelligence is supported by the record. Defendant's sentence is not so excessive as to shock the Court of Appeals judicial conscience.

Affirmed.

1. COURTS — SUPREME COURT — STARE DECISIS — GROSS INDECENCY — CONSENT.

A Supreme Court case cited in support of the proposition that a conviction for gross indecency cannot be sustained where there is consent is not binding on the Court of Appeals under the doctrine of stare decisis where fewer than four of the justices agreed that lack of consent is an essential element of the crime of gross indecency.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 188, 195, 236.

[2] 70 Am Jur 2d, Sodomy § 18.

Consent as defense in prosecution for sodomy. 58 ALR3d 636.

2. Criminal Law — Gross Indecency — Consent.

Convictions under the gross indecency statute are proper even where the proscribed conduct occurs between two consenting adults (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and Beasley, JJ.

M. J. Kelly, J. Defendant appeals as of right from a plea-based conviction of gross indecency between males under the sexual delinquency provisions of MCL 750.338; MSA 28.570 and MCL 750.10a; MSA 28.200(1). He was sentenced to a term of from 5 to 7-1/2 years in prison. Defendant raises two issues on appeal, neither of which are meritorious.

Defendant first contends that his convictions are not supported by a sufficient factual basis as required under GCR 1963, 785.7(3). According to defendant's testimony at the plea-taking proceeding in this case, the 15-year-old complainant "consented to" defendant's sexual contact with him. Defendant relies upon *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976), for the proposition that a conviction for gross indecency cannot be sustained where there is consent. In *People v Howell,* Justice Levin wrote that the gross indecency statutes "prohibit oral and manual sexual acts committed without consent or with a person under the age of consent". 396 Mich 24. However, only two other justices concurred in this language. The remaining three justices who participated in the

decision did not support this specific portion of Justice LEVIN's opinion. Because there are less than four justices in *People v Howell* agreeing that lack of consent is an essential element of the crime of gross indecency, that interpretation is not binding on this Court under the doctrine of stare decisis. See *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976).

We follow the line of Michigan authority holding that convictions under the gross indecency statutes are proper even where the proscribed conduct occurs between two consenting adults. *People v Masten,* 96 Mich App 127, 132; 292 NW2d 171 (1980), *rev'd on other grounds* 414 Mich 16; 322 NW2d 547 (1982); *People v Jones,* 75 Mich App 261, 272, fn 5; 254 NW2d 863 (1977), *lv den* 402 Mich 822 (1977); *People v Livermore,* 9 Mich App 47; 155 NW2d 711 (1967). Thus, even if complainant in this case did consent to defendant's sexual contact with him, we find that such consent does not render defendant's plea-based conviction invalid for lack of a sufficient factual basis. In light of this rationale, we find no need to determine whether complainant was under the age of consent.

Defendant secondly argues that the trial court considered evidence and facts outside the record in imposing its sentence upon defendant. We do not agree. The trial court's conclusion that defendant operated within a normal range of intelligence is not unsupported by the record. The two psychological reports on which defendant relies concluded that defendant, though possibly borderline retarded, might also fall within the dull to normal range of intelligence. Moreover, the psychological reports and the presentence report referred to defendant's ability to operate his own business and

to achieve above average grades in adult education courses. The trial court's finding that defendant was of normal intelligence is supported by the record. We further note that defendant's sentence was not unusually severe in light of the fact that defendant could have been sentenced to life imprisonment under the alternate sentencing provision of MCL 750.338; MSA 28.570. It was undisputed below that defendant had been convicted of three separate counts of criminal sexual conduct prior to his conviction in the instant case. Given our examination of the record below, we cannot conclude that the sentence imposed upon defendant was so excessive as to shock our judicial conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.