PEOPLE v DELBERT GUNNETT

PEOPLE v JUDITH GUNNETT

Docket No. 90799. Submitted January 8, 1987, at Lansing. Decided March 3, 1987.

Delbert J. and Judith L. Gunnett, husband and wife, were charged with gross indecency with a person of the opposite sex after they engaged in an act of fellatio in a public visiting room at the State Prison of Southern Michigan. The Jackson Circuit Court, Russell E. Noble, J., dismissed the charges, holding that the statute prohibiting gross indecency between persons of different sexes cannot apply to spouses since the state may not regulate consensual intimacies between married persons. The people appeal by leave granted.

The Court of Appeals *held:*

1. A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms. Challenges to statutes which do not involve First Amendment freedoms on the grounds of vagueness must be examined in the light of the facts of the case at hand. Due regard for principles of standing and recognition that declaring a statute unconstitutional is the gravest and most delicate duty that a court is called upon to perform mandate that, outside the context of the First Amendment, one to whom the application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional. The statute is not unconstitutionally vague under the circumstances.

2. Proper analysis of questions concerning privacy interests involves an examination of two dimensions: a decisional dimen-

REFERENCES

Am Jur 2d, Sodomy §§ 3-24.

See the annotations in the Index to Annotations under Criminal Law; Sex and Sexual Matters; Sodomy.

sion, which recognizes that certain decisions such as whether to procreate or to marry are properly for the individual to make, and a spatial dimension, which recognizes a privacy interest with reference to places without regard to the particular activities in which the individuals who occupy them are engaged. The issue in this case is spatial privacy. The act cannot be separated from the fact that it was performed in a public place. Under the circumstances, defendants relinquished any claim to privacy.

3. Whether an act of fellatio constitutes gross and indecent conduct is a question of fact to be resolved by the trier of fact.

Reversed and remanded.

1. CRIMINAL LAW — GROSS INDECENCY — FELLATIO.

Whether an act of fellatio constitutes gross and indecent conduct is a question of fact to be resolved by the trier of fact (MCL 750.338b; MSA 28.570[2]).

2. CRIMINAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms.

3. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Challenges to statutes which do not involve First Amendment freedoms on the grounds of vagueness must be examined in the light of the facts of the case at hand.

4. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — OVER-BREADTH — STANDING.

Due regard for principles of standing, and recognition that declaring a statute unconstitutional is the gravest and most delicate duty that a court is called upon to perform, mandate that, outside the context of the First Amendment, one to whom the application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.

5. PRIVACY — CONSTITUTIONAL LAW.

Proper analysis of questions concerning privacy interests involves an examination of two dimensions: a decisional dimension, which recognizes that certain decisions such as whether to procreate or to marry are properly for the individual to make,

and a spatial dimension, which recognizes a privacy interest with reference to places without regard to the particular activities in which the individuals who occupy them are engaged.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief, Appellate Division, for the people.

*Gerald A. Sniderman & Associates* (by *Gerald A. Sniderman*), for defendant Delbert Gunnett.

*Parker & Adams, P.C.* (by *James D. Adams*), for defendant Judith Gunnett.

Before: Hood, P.J., and Beasley and L. Townsend,* JJ.

Hood, P.J. The defendants, Delbert James Gunnett and Judith Lynn Gunnett, husband and wife, were charged with gross indecency with a person of the opposite sex in violation of MCL 750.338b; MSA 28.570(2). Defendants moved to dismiss and the lower court, relying upon *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965), dismissed the charges, finding:

Inasmuch as the state cannot regulate mutually consented intimacies between husbands and wives, the statute prohibiting gross indecency between males and females cannot apply to spouses. It is immaterial under the statute whether such acts are in public or in private.

The prosecution appeals late by leave granted. MCR 7.205(F).

Testimony at the preliminary examination disclosed that the shift commander at the State

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Prison of Southern Michigan was observing the visiting room of the prison through a one-way mirror when he saw the defendants engaging in the alleged sex act. Defendants were sitting side-by-side on chairs approximately fifteen feet from the guard when Delbert Gunnett slid his hand down, unbuttoned the left side of his bib overalls, and, with his hand inside the overalls, pushed his penis up through his "fly." Judith Gunnett then took hold of his penis with her hand, lowered her head, and performed an act of fellatio on Delbert Gunnett. There were twenty to forty other people in the well-lit visiting room at the time, including two to eight children. The sexual act continued for about two minutes until the shift commander was able to contact another guard who entered the visiting area and terminated the visit.

In his motion to quash, Delbert Gunnett argued that the statute prohibiting gross indecency could not constitutionally apply to a husband and wife. The lower court agreed and expressed concern that "literal application of the statute could result in felony convictions of mutually consenting husbands and wives who, in private, commit acts of gross indecency with each other." We reverse the lower court and remand for trial.

The defendants were charged with violating the statute prohibiting gross indecency between persons of the opposite sex.

> Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. [MCL 750.338b; MSA 28.570(2).]

Because the statute does not define "act of gross indecency," it has been held by this Court that whether an act of fellatio constitutes gross and indecent conduct is a question of fact which can only be resolved by the jury pursuant to proper instructions. *People v McCaleb*, 37 Mich App 502, 507-508; 195 NW2d 17 (1972), lv den 389 Mich 784 (1973). See also *People v Carey*, 217 Mich 601, 603; 187 NW 261 (1922), where the Supreme Court adopted the "common sense of society" test of *People v Hicks*, 98 Mich 86, 90; 56 NW 1102 (1893), for gross indecency prosecutions, and *People v Dexter*, 6 Mich App 247, 253; 148 NW2d 915 (1967).[1]

Additionally, the statute, as it appears on its face, does not distinguish between married or unmarried persons or between acts committed in

---

[1] This holding and the precedents cited were disapproved of by three justices in *People v Howell*, 396 Mich 16, 24; 238 NW2d 148 (1976). In *Howell*, Justices KAVANAGH and WILLIAMS agreed with Justice LEVIN as to the following narrow definition of "gross indecency":

> Accordingly, we reject the construction of the Court of Appeals in *Dexter* and construe the term "act of gross indecency" to prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public.[10]

---

[10] This construction makes it unnecessary either to determine whether the Legislature may constitutionally proscribe sexual conduct between consenting adults in private or to make distinctions regarding such conduct between married persons, persons living with each other, dating couples, and between persons of the same sex.

---

This construction, in itself, would be sufficient to allay the fear expressed by the trial court that literal application of the statute could result in felony convictions of mutually consenting husbands and wives who, in private, engage in such sexual acts with one another. However, because the other three justices participating in *Howell* declined to sign the portion of the opinion offering the above statutory interpretation, under the rule of *Negri v Slotkin*, 397 Mich 105, 109-110; 244 NW2d 98 (1976), the justices' interpretation is not precedential authority for interpreting the gross indecency statute.

public or in private. Defendants argue that this violates their Ninth and Fourteenth Amendment rights to marital privacy. Defendant Delbert Gunnett asserts in his brief that "Defendants-Appellees are simply asking this Court to stop the government from regulating the sexual practices of married persons per se, that which the Ninth and Fourteenth Amendments mandates [sic] is none of the government's business." Defendants confront us with a classic "straw man" argument. Nonetheless, the trial court essentially adopted defendants' reasoning and found that the statute was unconstitutionally overbroad in regulating the conduct of married persons. Our analysis persuades us that the reasoning of the trial court is incorrect for more than one reason.

First, defendants' argument that MCL 750.338b; MSA 28.570(2) is unconstitutionally vague because it could result in felony convictions of mutually consenting husbands and wives who, in private, commit acts of gross indecency with each other is easily confuted. Statutes are presumed to be constitutional. *Johnson v Harnischfeger Corp,* 414 Mich 102, 112; 323 NW2d 912 (1982). The courts have a duty to construe a statute as constitutional, unless the unconstitutionality is clearly apparent. *McDonald Pontiac-Cadillac-GMC, Inc v Saginaw Co Prosecuting Attorney,* 150 Mich App 52, 58; 388 NW2d 301 (1986). *People v McLeod,* 407 Mich 632, 657; 288 NW2d 909 (1980).

In *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976), a majority of our Supreme Court set forth the following three criteria for determining whether a statute is void for vagueness:

1. It does not provide fair notice of the conduct proscribed.
2. It confers on the trier of fact unstructured

and unlimited discretion to determine whether an offense has been committed.

    3. Its coverage is overbroad and impinges on First Amendment freedoms.

The Court went on to note that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." 396 Mich 21. Subsequently, in *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981), the Supreme Court, in recognizing a statute is unconstitutionally vague and overbroad if it fails to provide sufficient notice as to what conduct is prohibited, quoted from *United States v Raines,* 362 US 17, 20-21; 80 S Ct 519; 4 L Ed 2d 524 (1960):

> Due regard for principles of standing, and recognition that declaring a statute unconstitutional is "the gravest and most delicate duty that this Court is called on to perform," mandate that, outside the context of the First Amendment,
>
> "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."

Two recent decisions by this Court are illustrative of this principle and demonstrate the instant defendants' problem with standing. In *People v Duenaz,* 148 Mich App 60, 66-69; 384 NW2d 79 (1985), defendant attempted to challenge his fourth-degree criminal sexual conduct conviction on the basis that under the statutory definition of "sexual act," MCL 750.520a(k), 750.520e(1)(a); MSA 28.788(1)(k), 28.788(5)(1)(a), there are many hypothetical situations of innocent conduct which could be chargeable under the act. This Court held that

under *Lynch, supra,* defendant cannot be heard to attack the statute by asserting the hypothetical rights of others. Similarly, in *People v Esper,* 155 Mich App 278; 399 NW2d 497 (1986), where defendant challenged the sexual delinquency statute, MCL 750.10a; MSA 28.200(1), as unconstitutionally vague, this Court concluded that, in the light of the particular facts of that case which included testimony of numerous instances and convictions for indecent exposure, a conviction for assault and battery for pulling down a fifteen-year-old's halter top, a conviction for fourth-degree criminal sexual conduct, and a conviction for molesting a sixteen-year-old by pulling down her tube top, defendant could not say that *he* was not adequately forewarned that his acts were prohibited, either under the statute itself or by case law. Thus, in the case at bar, where defendants have asserted no violation of their own First Amendment rights, if we determine that the gross indecency statute is constitutional as applied to the particular facts at hand, we cannot consider the alternative argument that the statute might be applicable, if literally applied, to mutually consenting husbands and wives who, in private, commit such sexual acts.

The trial court's reliance upon *Griswold v Connecticut, supra,* is also misplaced. *Griswold* held that a Connecticut statute making the use of contraceptives a criminal offense was an unconstitutional invasion of the right of privacy of married persons. The trial court quoted from that portion of the *Griswold* opinion which states that a law enacted for a purpose that the state may constitutionally regulate may not unnecessarily encompass areas of constitutionally protected freedoms, i.e., the right of marital privacy. The court further quoted from the separate concurring opinion of Justice Goldberg which stated that the right of

privacy in a marriage relationship is a fundamental right protected by the Ninth and Fourteenth Amendments of the Constitution and the state may not regulate the details of married sexual intimacy through criminal statutes.

The lower court interpreted these provisions to mean that the state cannot regulate any intimate behavior between married people. In doing so, the court apparently overlooked the prefatory comment to Justice Goldberg's statements in *Griswold:*

> Finally, it should be said of the Court's holding today that it in no way interferes with a State's proper regulation of sexual promiscuity or misconduct. [381 US 479, 498-499.]

That the United States Supreme Court did not intend the constitutional guarantee of marital privacy set forth in *Griswold* to extend to public acts is apparent from its subsequent decision in *Paris Adult Theatre I v Slaton,* 413 US 49; 93 S Ct 2628; 37 L Ed 2d 446 (1973).

In *Paris Adult Theatre I,* the Court reaffirmed that the right of privacy protects personal intimacies of the home, family, marriage, motherhood, procreation and childrearing. However, the Supreme Court considered it readily apparent that the right of marital privacy would not extend to activities conducted in public:

> Obviously, there is no necessary or legitimate expectation of privacy which would extend to marital intercourse on a street corner or a theater stage. [*Paris Adult Theatre I v Slaton,* 413 US 66, n 13.]

Thus, it is apparent that the United States Supreme Court has not established that the United

States Constitution proscribes all regulation of consensual marital intimacy.

Indeed, the United States Supreme Court has recognized that proper analysis of questions concerning privacy interests involves the examination of two dimensions. The first is a decisional dimension, which recognizes that certain decisions such as whether to procreate or to marry are properly for the individual to make. E.g., *Griswold, supra; Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973); *Pierce v Society of the Sisters of the Holy Name of Jesus and Mary,* 268 US 510; 45 S Ct 571; 69 L Ed 1070 (1925). The second dimension is spatial and recognizes a privacy interest with reference to *places* without regard to the particular activities in which the individuals who occupy them are engaged. E.g., *Stanley v Georgia,* 394 US 557; 89 S Ct 1243; 22 L Ed 2d 542 (1969) (overturning defendant's conviction for possessing obscene materials in his own home); *United States v Karo,* 468 US 705; 104 S Ct 3296; 82 L Ed 2d 530 (1984) (warrantless monitoring of a beeper in a private residence, a location not open to visual surveillance, violates Fourth Amendment rights of those who have justifiable interest in the privacy of the residence). By contrast, in *Paris Adult Theatre I, supra,* the Supreme Court found that the spatial right to privacy did not extend to viewing obscene films at a public adult theatre. See generally the dissenting opinion of Justice Blackmun in *Bowers v Hardwick,* 478 US —; 106 S Ct 2841, 2850-2851; 92 L Ed 2d 140 (1986).

In the instant case, while defendants attempt to make this a decisional privacy case because they are married, the case is actually a spatial privacy case involving defendants' alleged right to engage in sexual intimacies in a public place. Here, the act cannot be separated from the circumstances in

which it was performed—in a well-lit public place with twenty to forty other adults and two to eight children present. Under the circumstances, the defendants relinquished any claimed right to privacy by the overtly public conditions under which they performed the sex act and the state can claim a legitimate interest in regulating the behavior.

Defendants point to language from *People v Danielac,* 38 Mich App 230; 195 NW2d 922 (1972), lv gtd 387 Mich 795 (1972), lv dis 389 Mich 545 (1973), to support their argument that MCL 750.338b; MSA 28.570(2) is unconstitutional. *Danielac* concerned an act of sexual intercourse between a male and a female when other persons were present. This Court held that fornication was not an act of gross indecency and further offered that "[t]he offense is determined by the nature of the act and is not predicated on whether it is in public or in private." 38 Mich App 232. The phrase "is not predicated on whether it is in public or in private" is not necessary to the holding that fornication is not an act of gross indecency and that is dicta which we decline to follow in this case. Moreover, as the United States Supreme Court has suggested by the two lines of privacy decisions we have previously discussed, and as we have already stated, the act under scrutiny cannot be separated from the circumstances in which it was performed.

MCL 750.338b; MSA 28.570(2) as applied to the narrow facts before us is constitutional. The spatial dimension of the right to privacy does not extend to the married defendants' public sexual activity. If the jury finds that the defendants engaged in an "act of gross indecency" defendants are subject to the terms of the statute. The trial court's decision to dismiss the charges against the defendants is reversed. The case is remanded for further proceedings consistent with this opinion.