PEOPLE v TRAMMELL

Docket No. 92492. Submitted June 26, 1987, at Grand Rapids. Decided
May 19, 1988.

Kenneth Trammell was convicted of gross indecency between a
male and a female following a jury trial in the Muskegon
Circuit Court, R. Max Daniels, J. Defendant then pled guilty to
being an habitual offender, third offense. Defendant appealed
alleging that the trial court erred in denying his motion for a
directed verdict of acquittal.

The Court of Appeals *held:*

The question whether a defendant's behavior constitutes
gross indecency violative of Michigan law is for the trier of fact
and must be resolved by examining that behavior in light of
the community's sense of morality and propriety. The trial
judge did not err in denying defendant's motion for a directed
verdict, thus preserving the issue for resolution by the jury.
The evidence presented was sufficient for a rational trier of fact
to have found that defendant's behavior was grossly indecent
beyond a reasonable doubt.

Affirmed.

1. CRIMINAL LAW — GROSS INDECENCY.

The question whether a defendant's behavior constitutes gross
indecency violative of Michigan law is for the trier of fact and
is resolved by examining the behavior in light of the communi-
ty's sense of morality and propriety; the behavior is not exam-
ined in a vacuum or viewed separate from the circumstances in
which it was performed.

2. COURTS — SUPREME COURT — OPINIONS — STARE DECISIS.

A decision of the Supreme Court in which no majority of the
justices participating agree as to the reasoning does not consti-
tute binding precedent.

REFERENCES

Am Jur 2d, Courts §§ 189 *et seq.,* 192 *et seq.*

Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 1, 2, 20.

See the Index to Annotations under Certainty and Definiteness;
Lewdness, Indecency, and Obscenity.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Douglas M. Hughes*), for defendant on appeal.

Before: WAHLS, P.J., and MAHER and T. K. BOYLE,* JJ.

PER CURIAM. Defendant, Kenneth Trammell, was convicted by a jury of gross indecency between a male and female,[1] and subsequently pled guilty to being an habitual offender, third offense.[2] He was sentenced to a term of four to ten years imprisonment by the Muskegon Circuit Court and now appeals as of right, arguing that the trial court erred in denying his motion for a directed verdict of acquittal. We affirm.

The record reveals that on August 22, 1985, defendant, who was incarcerated in the Muskegon Correctional Facility, received a visitor named Kelle McCurdy in the facility's visiting room at about 2:10 P.M. Elmer Eckloff, an inspector at the facility, observed McCurdy take defendant's penis out of his sweat suit pants and stroke it up and down with her hands. Eckloff was about fifteen feet away from the couple at this time, behind a two-way mirror, and filmed part of the occurrence with an eight-millimeter camera. After the elapse of about one minute, Eckloff terminated the visit. He testified that the visiting room contained bathrooms, vending machines, seats, and a row of

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] MCL 750.338b; MSA 28.570(2).

[2] MCL 769.11; MSA 28.1083.

windows in a wall abutting a corridor and that, although he remembered that other people had entered the room to use the vending machines and bathrooms, he could not specifically recall whether anyone was present in the room at the time of the incident. Thè film footage taken by Eckloff was shown to the jury.

Defendant testified that McCurdy put her hand inside his sweat suit pants and touched his penis and that, in response, he walked away from her and told her "it wasn't the right time or the right place and to get that off of her mind." This testimony was corroborated by McCurdy, who also explained that on the date of the incident she and defendant were prohibited from going outside the visiting room due to their prior improper sexual activity at the facility.

On appeal, defendant argues that the trial court erred in failing to grant his motion at the end of proofs in the case, contending that the allegations in the felony complaint did not, as a matter of law, constitute "gross indecency" between a male and a female under the statute, MCL 750.338b; MSA 28.570(2). The motion was presumably one for a directed verdict. A trial judge, when ruling on a motion for a directed verdict of acquittal, must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.[3]

The statute concerning the crime of gross inde-

---

[3] *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

cency between a male and a female[4] provides as follows:

> Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life. [MCL 750.338b; MSA 28.570(2).]

We have upheld the validity of this statute when challenged on grounds of being unconstitutionally vague and giving no definite standard for the ascertainment of guilt.[5] Nevertheless, our statutes do not specifically define what constitutes "gross indecency," which has for many years caused some confusion in the case law. Almost a century ago, our Supreme Court, in *People v Hicks*,[6] announced that the lack of a specific definition of the criteria

---

[4] Companion statutes prohibit acts of gross indecency between two male persons, MCL 750.338; MSA 28.570, and between two female persons, MCL 750.338a; MSA 28.570(1).

[5] *People v William Clark*, 68 Mich App 48, 52; 241 NW2d 756 (1976); *People v Dexter*, 6 Mich App 247, 252-253; 148 NW2d 915 (1967).

[6] 98 Mich 86, 90; 56 NW 1102 (1893).

which constitute prohibited gross indecency is wholly appropriate in view of the "indelicacy of the subject." Enunciating what has become known as the "common sense of society" test, the *Hicks* Court, quoting from *State v Millard,* 18 Vt 574, 577; 46 Am Dec 170 (1846), stated:

> "The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." [98 Mich 90.]

Thus, under the test set forth in *Hicks,* the question whether a defendant's behavior constitutes gross indecency violative of Michigan law is for the trier of fact and must be resolved by examining that behavior in light of the community's sense of morality and propriety. This test regarding the meaning of gross indecency was subsequently endorsed by the Supreme Court[7] and by the vast majority of panels of this Court.[8] Clearly, under this test, since a determination of gross indecency is left to the trier of fact, the trial judge

[7] See, e.g., *People v Szymanski,* 321 Mich 248, 252; 32 NW2d 451 (1948), and *People v Carey,* 217 Mich 601, 602-603; 187 NW 261 (1922).

[8] See, e.g., *People v Dexter,* 6 Mich App 247, 252-253; 148 NW2d 915 (1967); *People v McCaleb,* 37 Mich App 502, 505-507; 195 NW2d 17 (1972), lv den 389 Mich 784 (1973); *People v Rea,* 38 Mich App 141, 143; 195 NW2d 809 (1972), lv den 388 Mich 795 (1972); *People v Ferguson,* 45 Mich App 697, 699-700; 206 NW2d 812 (1973), remanded on other grounds 390 Mich 807 (1973); *People v Roy Edwards,* 58 Mich App 146, 148-150; 227 NW2d 263 (1975); *People v Alcala,* 63 Mich App 120, 126-128; 234 NW2d 172 (1975), rev'd on other grounds 396 Mich 99; 237 NW2d 475 (1976); *People v Towlen,* 66 Mich App 577, 579; 239 NW2d 668 (1976), lv den 397 Mich 831 (1976); *People v William Clark,* 68 Mich App 48, 52-53; 241 NW2d 756 (1976); *People v Masten,* 96 Mich App 127, 133; 292 NW2d 171 (1980), rev'd on other grounds 414 Mich 16; 322 NW2d 547 (1982); *People v Gunnett,* 158 Mich App 420, 424; 404 NW2d 627 (1987); *People v Kalchik,* 160 Mich App 40, 45; 407 NW2d 627 (1987).

in this case did not err in denying defendant's motion for directed verdict, thus preserving the issue for resolution by the jury.

Defendant cites two cases from this Court—in fact, the only cases cited by defendant on appeal—in support of his contention that his conduct at the correctional facility, as a matter of law, does not constitute gross indecency. Those cases are *People v Danielac*[9] and *People v Holland.*[10]

In *Danielac,* defendant was convicted upon a plea of guilty of committing an act of gross indecency between a male and a female, MCL 750.338b; MSA 28.570(2), which consisted of engaging in sexual intercourse with a girl over sixteen years of age in the presence of others. The *Danielac* panel, recognizing that the behavior was "crude and offensive" and "despicable conduct on the part of the defendant," nevertheless found that it did not constitute a violation of the gross indecency statute. In rendering its opinion, the Court stated:

> The statute contemplates an *act* of gross indecency *with* a person of the opposite sex. Fornication is not the commission of an "act" of gross indecency "with" a person of the opposite sex. The fact that defendant participated in a normal act of sexual intercourse in the presence of other persons does not change the character of the act. The offense is determined by the nature of the act and is not predicated on whether it is in public or in private. [Emphasis in original. 38 Mich App 232.]

Subsequently, relying on *Danielac,* another panel of this Court, in *People v Holland,* reversed a defendant's conviction for gross indecency between

[9] 38 Mich App 230; 195 NW2d 922 (1972), lv gtd 387 Mich 795 (1972), app dis 389 Mich 545; 208 NW2d 167 (1973).

[10] 49 Mich App 76; 211 NW2d 224 (1973).

a male and a female. In *Holland,* the defendant's companion, "a girl of chronologically young years, but of questionable naivete," was observed by two police officers with her hand on the defendant's exposed penis while inside an automobile parked in a dark area of a private parking lot. The *Holland* Court, alluding to *Danielac,* reasoned that "[i]f an act of intercourse is not 'gross indecency' we do not see how the action with which defendant is charged could possibly constitute a violation of the statute." 49 Mich App 79.

We view *Danielac* and *Holland* to be aberrational and, therefore, decline to follow them. What these cases embody is a judicial encroachment on the *Hicks* rule that the allegedly grossly indecent behavior must be assessed by the trier of fact on a case-by-case basis as tested against the touchstone of the community's sense of morality and propriety. Moreover, the *Danielac* proposition that the behavior must constitute grossly indecent activity per se, i.e., must constitute such activity without regard to whether it occurred in public or in private, we find inimical to the legislative intent. It seems impossible to us that the Legislature, in prohibiting "gross indecency" in public or in private, intended that the arbiter of this question examine an accused's behavior in a vacuum. Such an interpretation might virtually erase the statute from our law since, we suspect, there are very few private acts between consenting adults of the opposite sex which society today would find objectionable. Interpreting a statute, we must ascertain and give effect to the legislative intent, construing unclear or ambiguous language in light of the general purpose sought to be accomplished by the Legislature.[11] The legislative intent here surely was not to pass a law prohibiting nothing.

---

[11] *Village of Peck v Hoist,* 153 Mich App 787, 789-790; 396 NW2d

On this issue, we agree with the sentiments expressed in *People v Gunnett*[12] that, in determining whether an accused's behavior or action is grossly indecent, "the act under scrutiny cannot be separated from the circumstances in which it was performed." Cervantes recognized a practical aspect of this observation in acknowledging that "[a] private sin is not so prejudicial in this world as a public indecency."[13]

We also decline to abandon the *Hicks* "common sense of society" test in favor of the test enunicated in *People v Howell*[14] In *Howell,* Justice LEVIN, who was also on the panel in *People v Danielac,* set forth a new test for the term "gross indecency," with which two other justices concurred (Justices WILLIAMS and KAVANAGH). According to Justice LEVIN's test, the term "act of gross indecency" should be construed to prohibit

> oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public. [396 Mich 24.]

Three justices (Justices COLEMAN, FITZGERALD, and LINDEMER) concurred with the opinion in *Howell* with the exception of the adoption of this standard, and one justice (Justice RYAN) took no part in the case. Although the relevant Michigan Criminal Jury Instruction[15] has been patterned after the *Howell* test, and although the compilers of the instructions seem to assume that *Howell* is prece-

536 (1986); *State Hwy Comm v Biltmore Investment Co, Inc,* 156 Mich App 768, 774-775; 401 NW2d 922 (1986).

[12] 158 Mich App 420, 430; 404 NW2d 627 (1987).

[13] *Don Quixote,* Pt II, Bk III, Chap 22.

[14] 396 Mich 16; 238 NW2d 148 (1976).

[15] CJI 20:7:01.

dential—and thus that the "anachronis[tic]"[16] *Hicks* test is no longer good law—we conclude, with other panels of this Court,[17] that the *Howell* rule established nothing more than the law of that case, leaving unscathed and viable the "common sense of society" test. Because the portion of the *Howell* opinion pertinent to this case was decided by an equally divided Court, the gross indecency test enunciated in that portion of the case is not precedential under the doctrine of stare decisis.[18] Under the "common sense of society" test as established in *People v Hicks* and as reaffirmed many times by this Court, we find that the trial judge in the present case did not err in denying defendant's motion for a directed verdict of acquittal. The evidence presented, when viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to have found that defendant's behavior with a female inside the public visiting area of the Muskegon Correctional Facility was grossly indecent beyond a reasonable doubt.

Affirmed.

T. K. BOYLE, J., did not participate.

[16] CJI 20:7:01, Commentary, p 20-109.

[17] *People v William Clark,* 68 Mich App 48, 53; 241 NW2d 756 (1976); *People v Penn,* 70 Mich App 638, 643-644; 247 NW2d 575 (1976); *People v Masten,* 96 Mich App 127, 133; 292 NW2d 171 (1980), rev'd on other grounds 414 Mich 16; 322 NW2d 547 (1982); *People v Dauer,* 131 Mich App 839, 840-841; 346 NW2d 599 (1984); *People v Kalchik,* 160 Mich App 40; 407 NW2d 627 (1987).

[18] *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976). See *People v Dauer, supra,* and *People v Kalchik, supra.*