PEOPLE v AUSTIN

Docket No. 120000. Submitted May 16, 1990, at Lansing. Decided
August 23, 1990.

Michael Austin and several other men were charged in Ingham
Circuit Court with gross indecency between males for allegedly
engaging in consensual acts of fellatio and masturbation in the
men's public rest room of a rest stop on US-127 in Alaiedon
Township as recorded on videotape pursuant to a warrant
secured by the Michigan State Police. The court, James R.
Giddings, J., dismissed the charges, ruling in part that the
gross indecency statute was unconstitutionally vague as it
applies to consensual acts of fellatio and masturbation in a
public rest room where no other member of the public was
actually present. The prosecution appealed.

The Court of Appeals *held:*

1. The gross indecency statute, as applied to defendants in
this case, is not unconstitutionally vague. Prior decisions by the
Court of Appeals in cases in which the statute was interpreted
apprised defendants sufficiently that their conduct was pro-
scribed by the statute.

2. Whether the sexual acts alleged in this case violate the
gross indecency statute is a determination for the jury, which
must decide whether defendants' sexual acts are those which
the common sense of society would regard as indecent and
improper.

Reversed and remanded.

1. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES — DUE PRO-
CESS — VAGUENESS.

The statute which proscribes gross indecency between males, as
applied to defendants who have allegedly engaged in consen-
sual acts of fellatio and masturbation in a public rest room, is
not unconstitutionally vague in view of prior appellate deci-

REFERENCES

Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 2, 11, 40; Sod-
omy §§ 5, 10, 11.

See the Index to Annotations under Due Process; Lewness, Inde-
cency, and Obscenity; Sodomy.

sions sufficiently apprising such defendants that their conduct is proscribed by the statute (MCL 750.338; MSA 28.570).

2. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES — QUESTIONS OF FACT — COMMON SENSE OF SOCIETY.

The question whether any sexual act between males in a given case violates the statute proscribing gross indecency between males is a question for the jury, which must decide whether the act is one which the common sense of society regards as indecent and improper (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

*Dood & Wilson* (by *Candace L. Wilson*), for Michael Austin, Paul Behen and Harry J. Dowell.

*Philip C. Dean,* for James Johnstin and Daniel Sturgis.

*Pratt & Frank* (by *Paul C. Pratt*), for Arthur G. Jenkins, Jr.

Before: SULLIVAN, P.J., and WAHLS and JANSEN, JJ.

PER CURIAM. These cases, consolidated for the purpose of arguing the constitutionality of the gross indecency statute, MCL 75.338; MSA 28.570, arise from state police electronic surveillance of the men's public rest room at a rest area of US-127 in Alaiedon Township, Ingham County, which resulted in the arrest of twenty-eight individuals in February and March of 1986. On July 11, 1989, the Ingham Circuit Court issued an opinion and order dismissing the charges against defendants as well as suppressing videotaped evidence of sexual acts performed by them. On September 22, 1989, this Court granted the prosecution's motion for

immediate consideration, motion for stay, and application for leave to appeal. We also granted the motion for peremptory reversal of the lower court's suppression of the evidence seized through electronic surveillance of the public rest room, but denied the motion for peremptory reversal as to the constitutional attack on the gross indecency statute.[1] On appeal, the prosecution alleges that the trial court erred in concluding that the gross indecency statute is unconstitutionally vague as it applies to consensual acts of fellatio and masturbation in a public rest room where no other member of the public is actually present. We agree and reverse.

These cases arose out of an investigation that began in February, 1986, as a result of complaints made by citizens concerning homosexual behavior at the public rest stop on Highway US-127 in Alaiedon Township, Ingham County, Michigan. Thereafter, the Michigan State Police installed two cameras in the rest room. As a result of state police officers' observations of twelve different males performing different sexual acts within the field of vision of the two cameras, a search warrant was issued which authorized the attachment of a video recorder to the cameras. Video surveillance was conducted in intermittent recordings made from February 26, 1986, to March 8, 1986. On the strength of these recordings, defendants were thereafter arrested for gross indecency between males, pursuant to MCL 750.338; MSA 28.570.

The due process clause of the United States Constitution proscribes the state from holding a defendant "criminally responsible for conduct

---

[1] While the appeal was pending, one defendant died and another pled guilty pursuant to a plea bargain, leaving twenty-six defendants subject to this appeal.

which he could not reasonably understand to be proscribed." *Rose v Locke,* 423 US 48, 50; 96 S Ct 243; 46 L Ed 2d 185 (1975). However, "all the due process clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." *Id.* Our Supreme Court in *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976), held that the term "active gross indecency," standing alone, fails to give adequate notice of the conduct proscribed. *Id.* at 21-22. However, the *Howell* panel opined that defendants' due process rights were not violated because, on the basis of prior court decisions, the defendants in *Howell* could not claim that they were not "forewarned that the conduct they allegedly engaged in was subject to prosecution under the statutes." Thus, we analyze the gross indecency statute in order to determine whether prior interpretations given the statute by this Court have forewarned defendants that their actions were subject to prosecution.

In doing so, we must first determine the proper test as established by this Court in defining "gross indecency." This Court in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967), stated that the gross indecency statute penalizes "conduct that is of such character that the common sense of society regards it as indecent and improper." In so holding, the *Dexter* Court cited *People v Carey,* 217 Mich 601; 187 NW 261 (1922), which analyzed the sufficiency of the factual development necessary in an information charging a violation of the gross indecency statute. The *Carey* Court, *supra* at 602-603, citing *People v Hicks,* 98 Mich 86, 90; 56 NW 1102 (1893), noted that "the common sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular

conduct is rendered criminal by it." In *Hicks, supra* at 90, the Supreme Court determined "indecent and improper liberties" to be liberties that the "common sense of society would regard as indecent and improper."

However, in *Howell, supra,* Justice LEVIN, joined by KAVANAGH, C.J., and WILLIAMS, J., held that there is no "common sense of society" standard regarding sexual behavior between consenting adults. Thus, the LEVIN opinion redefined "act of gross indecency" as any nonconsensual oral or manual sexual acts, oral or sexual acts committed with a minor, or any ultimate sexual act committed in public. Although Justice LEVIN's definition in *Howell* supersedes the *Dexter-Carey-Hicks* definition of gross indecency, we are not bound by Justice LEVIN's opinion since he garnered support from only two other justices. *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973). Instead, in addressing this issue, we choose to continue to apply the "common sense of society" standard as established by the *Dexter-Carey-Hicks* line of decisions. By so holding, we follow other panels of this Court which have found that the question whether acts violate the gross indecency statute should be determined by a jury employing the "common sense of society" standard. *People v Gunnett,* 158 Mich App 420, 424; 404 NW2d 627 (1987). *People v McCaleb,* 37 Mich App 502, 507-508; 195 NW2d 17 (1972), lv den 389 Mich 784 (1973).

Now, we turn to defendants' challenge to the gross indecency statute in light of the specific facts presented in this case. Where the statute challenged does not involve First Amendment freedoms, we examine the challenge in light of the circumstances of the case at hand. *People v Kalchik,* 160 Mich App 40, 45; 407 NW2d 627 (1987). Prior Court decisions may provide notice to defen-

dants sufficient to avoid a constitutional challenge to a statute on the grounds of vagueness. *Id.* We find that the gross indecency statute, as applied to the defendants in the present case, is not unconstitutionally vague in that defendants were apprised that their conduct was proscribed by the statute.

A summary review of some of the prior cases construing the gross indecency statute is informative. This Court in *People v Masten,* 96 Mich App 127; 292 NW2d 171 (1980), rev'd on other grounds 414 Mich 16; 322 NW2d 547 (1982), applied the gross indecency statute to consensual adult activity. In *Masten,* defendant was charged with attempting to procure an act of gross indecency when he approached three police officers and offered to perform acts of fellatio for the sum of $25. The *Masten* Court concluded that defendant was amply warned that the act of attempting to procure the commission of a private act of fellatio between consenting adult males was prohibited by the gross indecency statute. Likewise, this Court in *People v Dauer,* 131 Mich App 839; 346 NW2d 599 (1984), held that the gross indecency statute applies to conduct occurring between two consenting adults. *Id.* at 841. Finally, this Court in *People v Livermore,* 9 Mich App 47; 155 NW2d 711 (1967), applied the gross indecency statute to consensual sexual conduct between two women which occurred in a tent at a public camping ground. After reviewing these cases, we find that defendants were forewarned that the conduct in which they were engaged was prohibited by the gross indecency statute. The holdings in *Masten, Dauer,* and *Livermore* established sufficient notice to defendants. Thus, MCL 750.338; MSA 28.570, as interpreted by the courts, provides sufficient notice in the situation presented before us and is not unconstitutionally vague. The question whether defen-

dants' actions in the present case constitute gross indecency is a question left to the discretion of a jury utilizing the "common sense of society" standard.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.